MICHAEL GALLNER, APPELLEE, V. JUDY GALLNER, APPELLANT.

595 N.W. 2d 904

Filed June 25, 1999.    No. S-98-334.

C. Gregg Larson for appellant.

Patrick M. Flood and Thomas J. Nack, of Hotz & Weaver, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

This is an appeal from an order of the Douglas County District Court that granted partial release of a judgment in dissolution of marriage, as well as subordination of child support and alimony liens.

## SCOPE OF REVIEW

■ On questions of law, a reviewing court has an obligation to reach its own conclusions independent of those reached by the lower courts. *Deuth v. Ratigan*, 256 Neb. 419, 590 N.W.2d 366 (1999); *Brunges v. Brunges*, 255 Neb. 837, 587 N.W.2d 554 (1998).

## FACTS

The appellee, Michael Gallner, and the appellant, Judy Gallner, were married January 3, 1982. The parties had one child, born October 6, 1983, and were divorced by decree dated May 5, 1994. The trial court dissolved the marriage, divided the property, awarded custody of the minor child to Judy, and awarded child support and alimony.

Judy appealed, and the net result of the appeal was to increase the amount of the cash award to $109,534 in order to equalize the property division. Previously, the trial court had awarded Judy $50,000 to equalize the division of the marital estate, to be

paid within 120 days of the date of the decree. The Nebraska Court of Appeals affirmed all other aspects of the award, including $15,000 in accountant fees and $15,000 in attorney fees, payable to Judy's certified public accountant and attorney, respectively. The Court of Appeals' memorandum opinion was filed April 16, 1996, and on May 30, this court denied Judy's petition for further review.

On January 30, 1998, Michael filed an amended application for an order declaring satisfaction of judgment and for a subordination of the child support and alimony liens to a mortgage/deed of trust on his home. Specifically, Michael sought an order declaring that there was no interest due or owing on the $109,534 property division obligation or on the accountant fee obligation and that upon payment of $11,000, the obligation for payment of the accountant fees would be satisfied. He also sought an order subordinating any child support or alimony liens to the new mortgage/deed of trust.

The purpose of obtaining this order was so that Michael could refinance his home. It was undisputed that he had paid the $109,534 property division to Judy by August 19, 1996. He had also paid all relevant attorney fees and had continued to make the court-ordered alimony and child support payments. At the time of the application, he still owed $11,000 in accountant fees, which he sought to pay out of the funds from the refinancing.

The house which Michael sought to refinance was allegedly purchased for $330,000 and financed by a 90-percent purchase money loan in the amount of $297,000. Michael testified that the house had recently been appraised at $460,000 and that he was seeking a 75-percent loan in the amount of $345,000.

Judy resisted Michael's application on the basis that he had not paid the property division in full because he had not paid any interest thereon. She asserted that the appeal process did not stay the 120 days allotted by the trial court to pay the property division and that interest accrued from 120 days after the May 5, 1994, dissolution decree. Judy further asserted that interest was due on attorney fees which were paid late, as well as on other sums awarded by the decree.

Judy also alleged that since Michael held no property in Douglas County other than his house, the subordination agree-

ment would unduly reduce her security for payment of child support and alimony. She further asserted that the subordination would be inappropriate in light of the fact that Michael had been late in paying several of his child support and alimony payments and had failed to comply with other elements of the decree.

Judy issued a subpoena duces tecum, requesting that Michael produce his federal tax returns, financial statements, copies of mortgage applications, appraisals on the home sought to be financed, life insurance policies, and records of all property owned by Michael and located in Douglas County. Michael requested that the subpoena be quashed on the grounds that the documents were irrelevant to the application and that such production would be unduly burdensome. The district court subsequently granted the motion to quash.

On March 10, 1998, the district court issued an order declaring satisfaction of judgment and subordination of child support and alimony liens. The court determined that no interest was due on the property division and that the property division had been satisfied in full. With regard to the $11,000 balance of the accountant fees, the court stated that after payment of such fees, all obligations in that regard would be satisfied. The court overruled Judy's motions for a new trial and for attorney fees and costs, and Judy timely perfected this appeal.

## ASSIGNMENTS OF ERROR

Judy asserts that the district court erred (1) in quashing her subpoena duces tecum, (2) in granting Michael's amended application for an order declaring satisfaction of judgment and subordination of child support and alimony liens, (3) in subordinating child support and alimony liens to a refinance mortgage/deed of trust on real estate owned by Michael, (4) in finding that Michael had met his burden under Neb. Rev. Stat. § 42-371 (Reissue 1998), (5) in failing to award interest on child support payments which were more than 30 days late, (6) in failing to award interest on delinquent alimony payments, (7) in failing to award attorney fees and costs under Neb. Rev. Stat. § 25-824 (Reissue 1995), (8) in failing to grant a new trial, and (9) in failing to require Michael to produce his entire 1996 federal tax return.

## ANALYSIS

This action is controlled by § 42-371, which provides:

(1) All judgments and orders for payment of money shall be liens, as in other actions, upon real property and any personal property registered with any county office . . . .

. . . .

(4) Whenever a judgment creditor refuses to execute a release of the judgment or subordination of a lien as provided in this section, the person desiring such release or subordination may file an application for the relief desired. . . . If the court finds that the release or subordination is not requested for the purpose of avoiding payment and that the release or subordination will not unduly reduce the security, the court may issue an order releasing real or personal property from the judgment lien or issue an order subordinating the judgment lien.

The district court entered an order declaring that Michael had satisfied his property division obligations under the divorce decree in full and declaring that upon payment of the sum of $11,000, Michael's obligation for accountant fees would be satisfied. The court ordered that any child support or alimony liens be subordinated to the new mortgage/deed of trust Michael sought relating to a home located at 11313 William Plaza, Omaha, Nebraska.

Judy asserts that the district court erred in releasing the property division judgment, because there was still due and owing postjudgment interest on the $109,534. She also claims that there is due and owing postjudgment interest on the original order for attorney and accountant fees.

■ We first address the property division. Neb. Rev. Stat. § 45-103.01 (Reissue 1993) provides that interest "shall accrue on decrees and judgments for the payment of money from the date of rendition of judgment until satisfaction of judgment." The language of § 45-103.01 is mandatory, and a court of equity does not have discretion to withhold interest on decrees or judgments for the payment of money. *Welch v. Welch*, 246 Neb. 435, 519 N.W.2d 262 (1994). The property division judgment, as modified by the Court of Appeals, stated that the trial court

should have awarded Judy $109,534 in cash to equalize the property division. The trial court had stated that the property division award was to be paid within 120 days of the date of the decree and would not bear interest if it was paid within that time.

We must determine when the interest on the judgment started to accrue. The question is whether the interest started to accrue on May 5, 1994, or 120 days after that date. In *Welch*, we explained that a "decree or judgment for the payment of money" under the postjudgment interest statute is "one which is immediately due and collectible where its nonpayment is a breach of duty on a judgment debtor." 246 Neb. at 452, 519 N.W.2d at 274. "Interest does not accrue until the debt becomes due." *Id.* at 453, 519 N.W.2d at 274.

Michael argues that with regard to the property division amount, there was no decree or judgment for the payment of money until May 30, 1996, after Judy's appeal had been addressed by the Court of Appeals and this court had denied further review. He claims that because he paid the judgment within 120 days of May 30, no interest accrued. Judy claims that regardless of her appeal, at the very latest, there was a decree or judgment for the payment of money of the entire amount of the property division, as modified by the Court of Appeals, 120 days after May 5, 1994, and that interest should accrue from that date.

In *Ramaekers, McPherron & Skiles v. Ramaekers*, 4 Neb. App. 733, 549 N.W.2d 662 (1996), the Court of Appeals held that interest on a judgment increased upon appeal commences to run from the date the trial court entered its original judgment. In *Ramaekers*, the original action was brought by a corporation to determine the amount the corporation owed the estate of its principal stockholder, William F. Ramaekers, upon his death, under a written agreement providing for the sale of stock of the deceased stockholders of the corporation to the corporation. A judgment was entered in favor of the estate, and the estate appealed to the Court of Appeals. The Court of Appeals increased the amount of the judgment, and its mandate was filed with the district court. Thereupon, the district court allowed interest on the increased amount from the time the Court of Appeals' mandate was spread until the amount was paid in full,

a period of 7 days. The estate appealed, asserting that interest should have accrued from the date of the original district court's order.

The Court of Appeals concluded that where a money judgment has been modified on appeal and the only action necessary in the trial court is compliance with the mandate of the appellate court, the interest on the award as modified runs from the date of the original judgment, as if no appeal had been taken. Interest accrues on the judgment from the date the judgment is due, regardless of whether the amount of the judgment was reduced or increased on appeal.

We adopt the rationale of the Court of Appeals in *Ramaekers*. When a judgment is modified on appeal, interest accrues on the full amount of the judgment as modified from the date the original judgment is due. See *Ramaekers, McPherron & Skiles v. Ramaekers, supra*. This is true regardless of which party has taken the appeal and regardless of whether the judgment was increased or decreased on appeal. We further conclude that pursuant to § 45-103.01, interest accrues from the date the original judgment is due, regardless of whether an appeal is taken prior to that date. See *Welch v. Welch*, 246 Neb. 435, 519 N.W.2d 262 (1994). Thus, Judy was entitled to postjudgment interest on the property division, which interest accrued 120 days after entry of the divorce decree, and the district court erred in declaring full satisfaction of the property division.

We next address the district court's order declaring that upon payment of $11,000, the obligation for payment of accountant fees would be satisfied. Judy argues that such order was in error because interest had accrued from the date of the May 5, 1994, decree which ordered the fees paid "forthwith."

In *Welch*, we held that an award of attorney fees in a dissolution decree is a decree or judgment for the payment of money such that, pursuant to § 45-103.01, interest should accrue on the attorney fees from the date they were due. Michael asserts that *Welch* is distinguishable because the trial court ordered that Michael pay Judy's accountant through the clerk of the district court, rather than paying Judy.

We hold that regardless of the manner in which the accountant fees were made payable, Judy has standing to assert on

appeal that postjudgment interest is due thereon. Judy was a party to the dissolution decree. The accountant fees were awarded pursuant to Neb. Rev. Stat. § 42-367 (Reissue 1998), which allows the court to decree costs against either party and award execution for the same. See, also, *Barber v. Barber*, 207 Neb. 101, 296 N.W.2d 463 (1980) (award of fees to attorney was property of and for benefit of wife). Accordingly, the district court erred in ordering that upon payment of $11,000, without postjudgment interest, Michael's obligation for payment of the accountant fees would be satisfied.

Judy also asserts that there is interest due on the attorney fees. Because the order from which she appeals did not purport to declare satisfaction of the attorney fee obligation, we need not address this issue. Similarly, we do not address Judy's assertions regarding interest due on certain delinquent child support payments and alimony payments because the district court did not release Judy's right to collect interest due on such payments.

In addition, Judy asserts that Michael failed to turn over certain limited partnerships and investments awarded to her in the divorce decree. She argues that Michael owes her an accounting for any benefit he may have received during the period that such financial interests remained in his possession. The district court did not address this issue in its order, and therefore, we do not reach this issue on appeal.

We next address whether the district court erred in ordering that child support and alimony liens be subordinated to the new mortgage/deed of trust. Section 42-371(4) provides that the court may issue an order subordinating a judgment lien "[i]f the court finds that the release or subordination is not requested for the purpose of avoiding payment and that the release or subordination will not unduly reduce the security . . . ." Judy argues that it was improper for the court to order the child support and alimony liens subordinated because this action unduly reduces the security for the liens. She argues that the evidence is insufficient to support Michael's testimony that his home is currently valued at $460,000 because no appraisals were offered in evidence. Regardless, given Michael's valuation of the property, Judy notes that refinancing will reduce Michael's equity in the home from $163,000 to $115,000. She points out that Michael

has no other legal assets in Nebraska and that he has a history of being late in making his child support and alimony payments.

At the time of the decree, the trial court determined that Michael had an earning capacity of at least $200,000 annually. At the time of the hearing on his application for an order declaring partial satisfaction of judgment and subordination of child support and alimony liens, Michael estimated that there remained approximately $140,000 in child support payments and $42,000 in alimony. The relief sought by Michael involves the equitable powers of the court, and therefore, the standard of review is de novo. In an appeal of an equity action, an appellate court tries factual questions de novo on the record and reaches a conclusion independent of the findings of the trial court. *Cheloha v. Cheloha*, 255 Neb. 32, 582 N.W.2d 291 (1998).

Problematic with our de novo review is the lack of evidence related to the denial of the subpoena duces tecum by the district court. Prior to the hearing on the application, Judy requested that Michael produce income tax returns for the years 1993 through 1996; an estimated tax return for 1997; copies of financial statements; copies of all mortgage applications, including all appraisals of real property; documents concerning life insurance policies from 1993 to date insuring the life of Michael; and any and all documents concerning real or personal property owned by Michael and located in Douglas County.

Neb. Ct. R. of Discovery 26 (rev. 1996) sets forth the general provisions regarding discovery. Under rule 26(b)(1),

> [p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.

Generally, the control of discovery is a matter for judicial discretion. *In re Interest of R.R.*, 239 Neb. 250, 475 N.W.2d 518 (1991).

We conclude that the district court abused its discretion in quashing the subpoena. The fact in issue is whether the subordination requested would unduly reduce the security regarding the remaining amount of approximately $182,000 in child support and alimony. Clearly, the items requested by Judy were relevant to a determination of Michael's financial status and whether the child support and alimony liens should be subordinated in order to allow Michael to refinance his real estate.

The evidence is insufficient to establish that such subordination would not unduly reduce the security for the payment of the liens. Michael has the burden to demonstrate that the release or subordination is not requested for the purpose of avoiding payment and that the release or subordination will not unduly reduce the security. The failure to produce an appraised value of the real estate and the failure to produce evidence of income tax returns and projected income tax returns leaves the court without any reasonable basis for determining whether to subordinate the child support and alimony liens. Given the minimal effort required to produce the requested information, including a copy of the real estate appraisal, we do not find that such subpoena was overly broad or unduly burdensome.

Although at one point Michael was determined to have income of over $200,000 per year, his record in making timely child support and alimony payments is not reliable, and he did not pay the accountant fees until he attempted to refinance the real estate. On paper, the refinancing of the real estate results in a decrease in equity. Given the fact that Michael had the burden to produce evidence which would show that the subordination would not unduly reduce the security, we conclude that he failed to produce sufficient evidence to sustain his burden of proof under the circumstances. Since Michael is asking for equitable relief, it is his obligation to produce the information which will support such relief. We therefore conclude that the district court erred in subordinating the liens without first having sufficient information before it.

As to whether the district court erred in failing to grant Judy attorney fees pursuant to § 25-824, we conclude that the court did not abuse its discretion in that regard. The action was not frivolous and was not interposed solely for delay or harassment.

## CONCLUSION

For the reasons stated herein, the judgment of the district court is reversed. Judy has filed a motion for attorney fees in this court, and she is awarded the sum of $3,500. Michael has also filed a motion in this court for attorney fees. That motion is overruled.

REVERSED.