CINDY J. LAUBSCHER, APPELLEE, V.
GARRY J. LAUBSCHER, APPELLANT.
599 N.W. 2d 853

Filed August 31, 1999.   No. A-98-761.

James D. Sherrets and Julie Jorgensen, of Sherrets & Associates, for appellant.

Vincent P. Sutera, of Sutera & Sutera, for appellee.

IRWIN, Chief Judge, and SIEVERS and INBODY, Judges.

IRWIN, Chief Judge.

## I. INTRODUCTION

Garry J. Laubscher appeals from an order of the district court dissolving his marriage to Cindy J. Laubscher. On appeal, Garry challenges the child support awarded, the alimony awarded, and

the property division awarded. Because the district court failed to include a child support worksheet, we remand the case on that issue. For the reasons stated herein, we reverse the alimony award and affirm the property distribution.

## II. BACKGROUND

Garry and Cindy were married in 1979. During the course of their marriage, two children were born: Bric, born May 9, 1984; and Brandon, born April 16, 1987. The record reveals that both parties were employed during the course of the marriage.

On June 23, 1997, Cindy filed a petition seeking dissolution of the marriage. The parties entered into an agreement, which was also supported by the guardian ad litem at trial, for split custody of the children. On July 7, 1998, the district court entered an order dissolving the marriage and resolving the various issues presented in the case. Relevant to this appeal, the court resolved the issues as follows: the court ordered split custody, with Garry being awarded custody of Bric, and Cindy being awarded custody of Brandon; the court ordered Garry to pay Cindy $320 per month in child support for the support of Brandon, but failed to include any child support worksheet to demonstrate how that sum was arrived at; the court ordered Garry to pay Cindy $500 per month in alimony for 48 months, then to pay Cindy $250 per month in alimony for 24 months; and the court divided the real and personal property of the parties. Garry filed this timely appeal.

## III. ASSIGNMENTS OF ERROR

On appeal, Garry has assigned six errors, which we have consolidated for discussion to four. First, Garry asserts that the district court erred in failing to modify the temporary child support award. Second, Garry asserts that the district court erred in the award of child support to Cindy. Third, Garry asserts that the district court erred in the award of alimony to Cindy. Fourth, Garry asserts that the district court erred in the property distribution.

## IV. ANALYSIS

### 1. STANDARD OF REVIEW

In actions for dissolution of marriage, an appellate court reviews the case de novo on the record to determine whether

there has been an abuse of discretion by the trial court. *Kricsfeld v. Kricsfeld*, 8 Neb. App. 1, 588 N.W.2d 210 (1999); *Halouska v. Halouska*, 7 Neb. App. 730, 585 N.W.2d 490 (1998). A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrain from acting, but the selected option results in a decision which is untenable and unfairly deprives a litigant of a substantial right or a just result in matters submitted for disposition through a judicial system. *Halouska v. Halouska, supra.*

## 2. TEMPORARY CHILD SUPPORT

Garry first asserts that the court erred in failing to modify the temporary support order during the interim from the end of the trial and the issuance of the decree. The record in this case reflects that the trial in this case was on December 18, 1997, and the decree was not issued until July 7, 1998. There is no explanation in the record for this delay. Garry asserts that he was forced to continue to pay $1,000 per month in support during the interim, despite the fact that the parties agreed for the split custody arrangement to take effect immediately after the trial. At the conclusion of the trial, Garry orally moved to have the temporary child support order modified because of the change in the custody status.

Our review of the dissolution decree indicates that the trial court did modify the temporary order, albeit retroactively. In the decree, the court ordered that Garry's child support payments be $320 per month and held that such would commence on January 1, 1998. As such, the court did modify the temporary order when the court issued the decree. Clearly, Garry will be entitled to a credit toward his child support obligation for any payments made during the interim between the trial and decree, if he in fact paid more than $320 per month during that interim. This assigned error is without merit.

## 3. CHILD SUPPORT

Garry next asserts that the district court erred in its award of child support. As noted above, the district court in this case failed to follow the mandate from the Nebraska Child Support Guidelines and prior case law requiring trial courts to include

child support worksheets in the record so that appellate courts can meaningfully review the support orders. The court ordered Garry to pay $320 per month for child support. This figure is not even remotely similar to the figures from either Garry's or Cindy's proposed child support worksheets.

On the record before us, we have absolutely no way of determining what the court found to be the parties' respective incomes, or where the child support figure awarded came from. Paragraph C of the Nebraska Child Support Guidelines specifically mandates that "[a]ll orders for child support, including modifications, *must* include a basic income and support calculation worksheet." (Emphasis supplied.) This requirement has been noted repeatedly by the appellate courts of this state. See, e.g., *Baratta v. Baratta*, 245 Neb. 103, 511 N.W.2d 104 (1994); *State on behalf of Elsasser v. Fox*, 7 Neb. App. 667, 584 N.W.2d 832 (1998); *Becker v. Becker*, 6 Neb. App. 277, 573 N.W.2d 485 (1997). Because the lack of a worksheet in the present case has left us unable to review the trial court's finding, we are hereby remanding the case and ordering the court to comply with the mandatory requirement that a worksheet be attached to the order. On remand, the court is directed to prepare a worksheet and, on the basis of the record presented at trial, calculate the respective child support obligations. The court's findings will be retroactive to January 1, 1998.

### 4. Alimony

Garry next asserts that the district court erred in awarding alimony to Cindy. As already noted, the court's failure to include the required child support worksheet leaves us unable to determine what the court found to be the parties' respective incomes. The court ordered Garry to pay Cindy alimony in the amount of $500 per month for 48 months, then to pay $250 per month for 24 months. There was no finding as to why alimony was being awarded or why it was being awarded in these amounts.

Neb. Rev. Stat. § 42-365 (Reissue 1998) provides, in relevant part, as follows:

> When dissolution of a marriage is decreed, the court may order payment of such alimony by one party to the other and division of property as may be reasonable, hav-

ing regard for the circumstances of the parties, duration of the marriage, a history of the contributions to the marriage by each party, including contributions to the care and education of the children, and interruption of personal careers or educational opportunities, and the ability of the supported party to engage in gainful employment without interfering with the interests of any minor children in the custody of such party.

The record in the present case indicates that at the time of dissolution, Garry was working for Enron, and that his net monthly pay was approximately $2,500. Cindy was a registered nurse, with a net monthly pay of approximately $2,100. There was a split custody arrangement, so each party became responsible for one of the two minor children. There was no evidence that either party made more contributions to the marriage or that either party interrupted a personal career or education. On the record before us, we do not find any reason for the alimony award entered by the court and conclude that such an award was an abuse of discretion. As such, the alimony portion of the decree is hereby reversed.

### 5. PROPERTY DISTRIBUTION

Finally, Garry asserts that the property distribution in this case was patently unfair to him. As Garry has noted in his brief, the court did not make any findings as to the property values. We certainly agree that such would be helpful, but there is no mandate requiring such a finding. So, despite the fact that our review would certainly be aided by such factual determinations, the lack of any findings as to values is not, in itself, erroneous.

Our independent calculations of the property values in the record and the property awarded to each party reveals that the total marital estate was worth approximately $323,000. Of that amount, Cindy was awarded property valuing approximately $180,000. As such, the property awarded to Cindy by the district court amounted to approximately 55 percent of the total marital estate. It has frequently been held in this jurisdiction that the marital estate should be divided so that a spouse receives one-third to one-half. *Jirkovsky v. Jirkovsky*, 247 Neb. 141, 525 N.W.2d 615 (1995); *Halouska v. Halouska*, 7 Neb. App. 730,

585 N.W.2d 490 (1998). However, property division is not subject to a rigid mathematical formula, but, rather, turns upon the facts and circumstances of each case in light of the statutory factors found in § 42-365, and the ultimate test is always one of reasonableness. *Halouska v. Halouska, supra.* On the record before us, we find the property distribution to have been reasonable, and not an abuse of discretion.

We note that Garry specifically challenged the court's finding that approximately $16,900 found in the parties' home safe was marital money. Garry and his father both testified that a significant portion of this money belonged to Garry's father and that Garry's father had given the money to Garry to hold for him, not as a gift. Cindy testified that she thought the money in the safe was marital money. When the evidence in the record is in conflict, an appellate court may consider and give weight to the fact that the trial court heard and observed the witnesses and accepted one version of the facts rather than another. *Halouska v. Halouska, supra.* We find the resolution of this specific issue to be a matter of credibility of the witnesses, which is properly left to the discretion of the trial court. See *id.* This assigned error is without merit.

## V. CONCLUSION

We find the trial court's award of child support to be unreviewable because the court disregarded the requirement that a child support worksheet accompany the order. The decree is remanded on the issue of child support. On remand, the court is directed to prepare a worksheet and, on the basis of the record presented at trial, calculate the respective child support obligations. We further find the court's award of alimony to be an abuse of discretion, and the alimony award is reversed. The decree is affirmed in all other respects.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.