WILLIAM H. STEWART, JR., APPELLEE, V.
JENNIFER L. STEWART, APPELLANT.

613 N.W.2d 486

Filed June 27, 2000.   No. A-99-1014.

Kevin Ruser, of the University of Nebraska Civil Clinical Law Program, for appellant.

Virginia G. Johnson for appellee.

IRWIN, Chief Judge, and SIEVERS and MOORE, Judges.

PER CURIAM.

This case returns to us after a previous appeal which resulted in a remand to the district court. In the first appeal, Jennifer L. Stewart appealed the decision of the Lancaster County District Court which gave her former husband, William H. Stewart, Jr., custody of the parties' two children and ordered Jennifer to pay child support. In *Stewart v. Stewart*, No. A-98-663, 1999 WL 111956 (Neb. App. March 2, 1999) (not designated for permanent publication), we found that the evidence of income was insufficient to calculate child support and remanded for an evidentiary hearing. Upon remand, the district court ordered Jennifer to pay child support in the amount of $313 per month. Jennifer again appeals the district court's order.

## BACKGROUND

William and Jennifer were divorced in 1991, and Jennifer was awarded custody of their two minor children. William filed an application to modify custody in November 1997, which resulted in William being awarded custody of the children and Jennifer being ordered to pay child support of $334 per month. As described above, Jennifer appealed, and we remanded for an evidentiary hearing on the issue of child support. See *Stewart v. Stewart, supra*. Therefore, at that evidentiary hearing on May 12, 1999, the parties adduced evidence and submitted proposed basic income and support calculation worksheets from the Nebraska Child Support Guidelines for the district court's consideration. On June 3, 1999, the trial court modified the amount of child support to $313 per month. The record does not contain a worksheet prepared or adopted by the trial court, and counsel agreed at oral argument that there was no such worksheet from the trial court.

William submitted a worksheet showing his total monthly income to be $2,138.56. William testified that this figure was computed by taking his year-to-date earnings from his April 1, 1999, paycheck and dividing by 3 to produce this monthly figure. William's check stubs show that he earns $14.698 per hour. William's worksheet shows Jennifer's income at $1,118. There is no explanation of how this figure was calculated. Based on William's calculations, Jennifer's child support would be $313 per month, the figure ordered by the trial court.

Jennifer submitted two worksheets, which are the same except that one is calculated on a 30-hour workweek for Jennifer and the other is calculated on a 40-hour workweek. Both worksheets calculate Jennifer's income according to her present wage of $6.50 per hour. At oral argument, Jennifer's counsel conceded that a 40-hour workweek should be imputed to her, even though she was working less than 20 hours per week at the time of the evidentiary hearing. Jennifer calculated William's income using his hourly wage of $14.698. Jennifer annualized her income and William's by multiplying their respective hourly wages by 40 hours per week, and then again by 52 weeks. Finally, that figure was divided by 12, producing total monthly income of $1,126.67 for Jennifer and $2,547.65 for William. Jennifer then

calculated her support obligation as $308.55 per month, but reduced that figure to $222.42 in accordance with paragraph R, Basic Subsistence Limitation, of the guidelines.

## ASSIGNMENT OF ERROR

Jennifer's sole assignment of error is that the district court ordered her to pay monthly child support that does not comply with the guidelines.

## STANDARD OF REVIEW

Modification of the amount of child support payments is entrusted to the discretion of the trial court, and although, on appeal, the issue is reviewed de novo on the record, the decision of the trial court will be affirmed absent an abuse of discretion. *Truman v. Truman*, 256 Neb. 628, 591 N.W.2d 81 (1999); *Faaborg v. Faaborg*, 254 Neb. 501, 576 N.W.2d 826 (1998).

A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrain from action, but the selected option results in a decision which is untenable and unfairly deprives a litigant of a substantial right or a just result in matters submitted for disposition through the judicial system. *Bondi v. Bondi*, 255 Neb. 319, 586 N.W.2d 145 (1998); *Hoshor v. Hoshor*, 254 Neb. 743, 580 N.W.2d 516 (1998).

## ANALYSIS

Given that the trial court failed to complete and attach a worksheet to the order on William's application to modify decree, we are left to speculate about the trial court's findings on the parties' incomes to determine the child support amount. The requirement that a worksheet be attached to all orders for child support has been noted and emphasized in past appellate court decisions. See, e.g., *Baratta v. Baratta*, 245 Neb. 103, 511 N.W.2d 104 (1994); *Laubscher v. Laubscher*, 8 Neb. App. 648, 599 N.W.2d 853 (1999); *State on behalf of Elsasser v. Fox*, 7 Neb. App. 667, 584 N.W.2d 832 (1998); *Becker v. Becker*, 6 Neb. App. 277, 573 N.W.2d 485 (1997).

One of the obvious purposes of the worksheet requirement is so that the appellate courts do not have to speculate about the trial court's conclusions. While the record does contain the par-

ties' worksheets, we emphasize that this is not enough to satisfy the requirements of paragraph C of the guidelines, which specifically mandates that "[a]ll orders for child support, including modifications, must include a basic income and support calculation worksheet . . . ." The rules clearly state that it is the order itself which must contain a worksheet. In short, the trial courts must show the appellate courts, and the parties, that they have "done the math." The trial court's worksheet makes that showing.

Jennifer urges us to recalculate the support obligation by completing a worksheet on appeal and then remand with the direction that the trial court attach our worksheet to its order and set child support in accordance with our worksheet. Jennifer reasons that we may properly do so because appeals in domestic relations matters are heard de novo on the record and an appellate court is empowered to enter the order which should have been made as reflected by the record. *Shockley v. Shockley*, 251 Neb. 896, 560 N.W.2d 777 (1997); *Pendleton v. Pendleton*, 242 Neb. 675, 496 N.W.2d 499 (1993). While acknowledging our power to do this and some measure of efficiency if we were to so proceed, the law requires that the trial court follow the guidelines. This means that a worksheet is prepared by the trial court or that the court expressly adopts one correctly prepared by the parties.

It is not within the trial court's discretion to forgo completion of the worksheet. When the trial court fails to prepare or adopt a worksheet as required, and the parties fail to insist on such, for example, by a motion nunc pro tunc or for a new trial as may be appropriate, before bringing the case to the appellate level, we will remand so that the trial court can complete the worksheet and attach it to the order as required by the guidelines.

Obviously, the worksheet must be completed in accordance with the guidelines. The guidelines require that each party's income be annualized and then divided by 12 to arrive at a monthly income. Deductions are likewise annualized and divided by 12. Therefore, the method used by William in computing the parties' total monthly incomes is not correct. The evidence is undisputed that William earns $14.698 per hour and

that Jennifer earns $6.50 per hour. As such, these hourly wages are to be annualized and then divided by 12 for purposes of computing Jennifer's child support obligation. Therefore, the trial court shall find that William's total monthly income is $2,547.65 and that Jennifer's total monthly income is $1,126.67. These incomes are to be used by the trial court on remand.

Finally, Jennifer argues the trial court erred in failing to comply with paragraph R of the guidelines, which provided at the time of trial:

A parent's support, child care, and health care obligation shall not reduce his or her net income below the minimum of $687 net monthly [amended March 15, 2000, to $696] for one person, or the poverty guidelines updated annually in the Federal Register by the U.S. Department of Health and Human Services under authority of 42 U.S.C. § 9902(2), except minimum support may be ordered as defined in paragraph I., above.

We find no authority which allows a trial court to ignore the provisions of paragraph R except as might be appropriate under paragraph C, Rebuttable Presumption, of the guidelines. Therefore, we hold that upon remand, paragraph R shall be applied, unless the court makes the requisite findings under paragraph C.

REVERSED AND REMANDED WITH DIRECTIONS.