MICHAEL GALLNER, APPELLANT, V. JUDY HOFFMAN,
FORMERLY KNOWN AS JUDY GALLNER, APPELLEE.
653 N.W.2d 838

Filed December 6, 2002.    No. S-01-773.

Theodore R. Boecker, Jr., of Sherrets & Boecker, L.L.C., for appellant.

C. Gregg Larson for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## I. NATURE OF CASE

Michael Gallner appeals from the June 4, 2001, order of the Douglas County District Court, which order denied Michael's application to modify and reduce his child support obligation for his one child from his marriage to his former wife, appellee, Judy Hoffman, formerly known as Judy Gallner. We affirm in part, vacate in part, and in part reverse and remand for further proceedings.

## II. STATEMENT OF FACTS

This is the third appearance of this case on appeal. In *Gallner v. Gallner*, 257 Neb. 158, 595 N.W.2d 904 (1999), inter alia, we reversed a district court's order which permitted the subordination of child support and alimony liens on real property owned by Michael, based on our determination that the district court erred in subordinating the liens without first having been fully advised. The relevant facts and procedural history of this case are outlined in that opinion, and we will not repeat that history here, except as it is relevant to the instant appeal.

Michael and Judy were married January 3, 1982. The parties had one child, born October 6, 1983. The marriage was dissolved by decree dated May 5, 1994. The decree also divided the property, awarded custody of the minor child to Judy, and awarded Judy child support and alimony. According to the decree of dissolution, Michael's alimony obligation ended in approximately June 1999. His obligation to pay child support apparently ended on October 6, 2002, when the parties' child reached the age of majority.

At the time of the dissolution proceedings, Michael was engaged in the private practice of law in Council Bluffs, Iowa, with his brother Sheldon Gallner, a business relationship that

had started in 1976 and had been successful. Michael earned in excess of $300,000 annually for each of the 3 years prior to the dissolution trial. During the dissolution proceedings, however, evidence was adduced to the effect that Michael's business relationship with Sheldon was "tenuous," that the brothers were having "significant problems" with disagreements concerning the operation of the law practice, and that Sheldon had offered Michael a plan to dissolve the law practice.

When awarding child support under the decree, the district court made the following factual findings:

> The Court further finds that the Petitioner, Michael Gallner, has successfully earned in excess of $300,000.00 each of the last three years as an attorney in private practice. The Court notes that testimony indicates that the Petitioner and his brother have encountered serious disputes regarding their law practice and that Petitioner sued his brother some months ago. Despite these facts, the Court finds that the Petitioner has an earning capacity of at least $200,000.00 per year.

Judy is also an attorney. The record from the dissolution proceedings reflects that subsequent to her graduation from law school in 1976, Judy worked as an attorney for the Douglas County Public Defender's office, the Equal Employment Opportunity Commission, the Nebraska Attorney General's office, and the Union Pacific Railroad. In 1984, she took a full-time position with a private law firm, where she worked for approximately 1 year before leaving full-time employment to stay at home and take care of the parties' child. The trial record reflects that the minor child had certain medical problems and required special care.

When addressing the issue of alimony in the dissolution decree, the district court made the following factual findings:

> Regarding [Judy's] ability to earn, the Court notes that she did earn in excess of $40,000.00 in earlier years. However, the Court finds that she has generally earned less than $10,000.00 a year net in recent years. Finally, the Court finds that her ability to earn, in the private practice of law, is probably not more than $20,000.00 a year net at the present time. In making these findings, the Court does take

into account the special needs of the minor child and the amount of time required of [Judy] for his care.

On July 26, 2000, Michael filed an application to modify his child support obligation downward, asserting material changes in circumstances since the entry of the decree "in that [Michael's] income ha[d] substantially decreased and [Judy's] income ha[d] substantially increased." During discovery, Michael sought, inter alia, detailed, itemized information regarding Judy's living expenses. Judy did not provide all the information Michael sought, and Michael filed a motion to compel. A hearing was held on December 4, 2000. Due to the manner in which the parties argued at the hearing, the substance of the proceedings is not clear. As we understand the record, Judy produced income tax information. The district court found the requests for detailed, itemized expense information to be either not relevant or unduly burdensome. The district court ordered Judy to appear at a deposition. The district court also ruled that Michael could inquire into Judy's financial information during the deposition. The district court ordered Judy to provide Michael with information concerning the child's educational expenses.

Michael's application to modify came on for hearing on April 20, 2001. Four witnesses testified during the hearing, and 28 exhibits were offered into evidence.

During the hearing, Michael presented evidence regarding his claim of material changes in circumstances. Michael testified that his income had decreased since the dissolution of his marriage to Judy due to the dissolution of the private law practice he had shared with Sheldon. Michael offered evidence showing that the firm, Gallner & Gallner, P.C., whose difficulties had been noted at the time of the dissolution, was dissolved in approximately November 1998 and that Michael had started his own private practice. According to Michael's testimony, his earnings were reduced from the range of $400,000 to $500,000 per year to less than $40,000 per year.

Michael claimed an additional material change of circumstances had occurred since the dissolution of the parties' marriage by virtue of the fact that Judy had procured employment at Metropolitan Community College. The evidence indicated that in the fall of 2000, Judy was appointed to the regular faculty of

Metropolitan Community College as a legal assistant instructor, at a salary of $40,379. Evidence also indicated that Judy earned additional income from the private law practice she maintained, but the amount of these earnings is unclear in the record.

On June 4, 2001, the district court entered an order overruling Michael's application to modify his child support obligation. The district court indicated without other explanation that Michael's evidence was not "sufficiently credible" to allow the court to modify his child support obligation. With respect to Judy's income, the district court found no change in Judy's income and indicated its view that Judy's income prior to the proceedings to modify was composed of alimony plus earnings and that subsequent to the termination of alimony, her income was composed solely of her earnings. The district court specifically stated that although Judy's "earnings have increased over the years, her [total] income is not substantially different now as during the time she received alimony, which has since expired." In rendering its decision, the district court did not prepare an income and child support calculation worksheet as mandated under paragraph C of the Nebraska Child Support Guidelines. In further orders, the district court denied Michael's request for attorney fees and awarded Judy $2,500 in attorney fees. Michael appeals.

## III. ASSIGNMENTS OF ERROR

On appeal, Michael has assigned 10 errors which we reorder and restate as 4. In summary, Michael claims that the district court erred (1) in failing to permit Michael to gain certain information from Judy through discovery, (2) in denying his application to modify child support, (3) in failing to award Michael attorney fees, and (4) in awarding Judy attorney fees.

## IV. STANDARDS OF REVIEW

Generally, the control of discovery is a matter for judicial discretion. *Gallner v. Gallner*, 257 Neb. 158, 595 N.W.2d 904 (1999); *State ex rel. Acme Rug Cleaner v. Likes*, 256 Neb. 34, 588 N.W.2d 783 (1999).

Modification of child support payments is entrusted to the trial court's discretion, and although, on appeal, the issue is reviewed de novo on the record, the decision of the trial court will be affirmed absent an abuse of discretion. *Crawford v. Crawford*,

263 Neb. 37, 638 N.W.2d 505 (2002); *Peter v. Peter*, 262 Neb. 1017, 637 N.W.2d 865 (2002). A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrains from acting, and the selected option results in a decision which is untenable and unfairly deprives a litigant of a substantial right or a just result in matters submitted for disposition through a judicial system. *Peter v. Peter, supra.*

■ Interpretation of the Nebraska Child Support Guidelines presents a question of law, regarding which an appellate court is obligated to reach a conclusion independent of the determination reached by the court below. *Workman v. Workman*, 262 Neb. 373, 632 N.W.2d 286 (2001).

■ In an action for modification of a marital dissolution decree, the award of attorney fees is discretionary with the trial court, is reviewed de novo on the record, and will be affirmed in the absence of an abuse of discretion. *Noonan v. Noonan*, 261 Neb. 552, 624 N.W.2d 314 (2001).

## V. ANALYSIS

### 1. DISCOVERY

Following the filing of his application to modify child support, Michael sought, inter alia, detailed, itemized information regarding Judy's living expenses. Judy produced income tax information. However, Judy objected to certain of Michael's discovery requests, and Michael filed a motion to compel. Following a hearing on December 4, 2000, the district court ordered Judy to provide Michael with information regarding educational expenses of the parties' child, but denied Michael's motion to compel Judy to provide detailed, itemized expense information, concluding the requests were either not relevant or were unduly burdensome. Michael claims that the district court erred in failing to permit him to obtain the additional information he sought.

Generally, the control of discovery is a matter for judicial discretion. *Gallner v. Gallner, supra*; *State ex rel. Acme Rug Cleaner v. Likes, supra*. During the December 4, 2000, hearing, the district court ordered Judy to appear at a deposition. The district court also ruled that Michael could inquire into Judy's financial information during the deposition. Therefore, although the district

court overruled Michael's motion to compel, the district court ruled Michael could depose Judy regarding her financial information, and thus, Michael had access to the information he sought. Based upon our review of the record on appeal, we determine that the district court did not abuse its discretion with regard to its ruling on discovery matters. This assignment of error is without merit, and we affirm the district court's ruling in this regard.

## 2. MATERIAL CHANGE IN CIRCUMSTANCES

A party seeking to modify a child support order must show a material change of circumstances which occurred subsequent to the entry of the original decree or a previous modification which was not contemplated when the prior order was entered. *Peter v. Peter, supra; Noonan v. Noonan, supra.* In the context of marital dissolutions, a material change of circumstances means the occurrence of something which, had it been known to the dissolution court at the time of the initial decree, would have persuaded the court to decree differently. *Rauch v. Rauch*, 256 Neb. 257, 590 N.W.2d 170 (1999).

### (a) Material Change: Michael's Law Practice

Michael states that a material change in circumstances has occurred since the entry of the decree in 1994 and asserts that such change is sufficient to justify a reduction in his child support obligation. In support of his assertion, Michael directs our attention to the 1998 dissolution of the private law practice which he had shared with Sheldon, his loss of income from that practice, and the subsequent expense incurred in connection with opening his own law practice. Michael asserts that although the findings in the decree anticipated that Michael's income would decline, it was not anticipated that the decline would be as severe as the facts demonstrated had in fact occurred.

In support of his claim that a material change of circumstances had occurred since the entry of the 1994 decree sufficient to reduce his child support obligation, Michael introduced into evidence his tax returns and the testimony of his accountant. Michael also testified.

We believe the record on appeal shows that Michael's evidence demonstrated without direct contradiction that he had sustained a significant decrease in income beyond that indicated in

the decree. In its June 4, 2001, order, however, the district court stated that Michael's evidence was not "sufficiently credible," and denied Michael's application to modify. The district court denied relief without discussion and without preparing a basic income and child support calculation worksheet.

■ Paragraph C of the child support guidelines specifically mandates that "[a]ll orders for child support, including modifications, must include a basic income and support calculation worksheet" from the Nebraska Child Support Guidelines. The importance of adhering to this requirement has been repeatedly emphasized by the appellate courts of this state. See, *Brooks v. Brooks*, 261 Neb. 289, 622 N.W.2d 670 (2001); *Baratta v. Baratta*, 245 Neb. 103, 511 N.W.2d 104 (1994); *Lawson v. Pass*, 10 Neb. App. 510, 633 N.W.2d 129 (2001); *Laubscher v. Laubscher*, 8 Neb. App. 648, 599 N.W.2d 853 (1999); *State on behalf of Elsasser v. Fox*, 7 Neb. App. 667, 584 N.W.2d 832 (1998). It has been stated that "the trial courts must show the appellate courts, and the parties, that they have 'done the math.'" *Stewart v. Stewart*, 9 Neb. App. 431, 434, 613 N.W.2d 486, 489 (2000). As stated above, no worksheet is included in the district court order at issue in this case.

Given a record which shows without contradiction that Michael experienced a significant decline in income, and given the absence of an explanation of the district court's decision, coupled with the lack of an income and support worksheet, we conclude the district court abused its discretion in denying Michael's application.

(b) Material Change: Judy's Employment

Michael asserts that an additional material change of circumstances occurred subsequent to the entry of the decree in that Judy had procured full-time regular employment with Metropolitan Community College and that such change justifies a modification of his child support obligation. In this regard, we note that the district court determined that Judy's income was unchanged and denied Michael's petition to modify at least in part on this basis. Michael claims on appeal that the district court erred in its determination regarding Judy's income and that such error requires reversal. We agree with Michael that the district court erred as a matter of law in the manner in which it interpreted the Nebraska

Child Support Guidelines and evaluated Judy's income for child support purposes.

In its order of June 4, 2001, the district court noted that Judy's earnings had increased since the entry of the decree, but declined to find that such an increase constituted a material change of circumstances warranting a modification of Michael's child support, because "her income [was] not substantially different now as during the time she received alimony, which has since expired." Such statement by the district court reflects the fact that the district court treated Judy's prior receipt of alimony as an item of income in its assessment of the child support obligation. The district court erred as a matter of law in its interpretation of the Nebraska Child Support Guidelines by including Judy's alimony in its consideration of Judy's income.

Paragraph M of the child support guidelines provides: "Alimony. These guidelines intend that spousal support be determined from income available to the parties after child support has been established." The clear language of paragraph M of the guidelines provides that child support obligations are to be calculated prior to the calculation of alimony. Obviously, in reviewing a party's income for child support purposes, alimony cannot be factored into income if alimony has not yet been determined. See *Kelly v. Kelly*, 2 Neb. App. 399, 510 N.W.2d 90 (1993), *reversed on other grounds* 246 Neb. 55, 516 N.W.2d 612 (1994). It logically follows that because alimony is not properly considered as income when child support is established, the cessation of alimony cannot be considered a diminution in income when determining whether there has been a material change of circumstances justifying a modification of child support. We conclude the district court erred as a matter of law when it determined that Judy's income at the time of the child support modification hearing was not substantially different when such conclusion was based on the erroneous legal reasoning that alimony had been an item of income in calculating child support, which item had been supplanted by Judy's subsequent earnings.

Given the district court's abuse of discretion and error of law, we reverse the district court's order denying Michael's petition for modification and remand the cause for further proceedings consistent with this opinion.

### 3. ATTORNEY FEES

Finally, Michael assigns as error the district court's denial of his request for attorney fees and the award of attorney fees to Judy. Given our decision above that the district court abused its discretion and committed error as a matter of law in denying Michael's application and our remand of the matter for further proceedings, we vacate the district court's order with regard to both motions for attorney fees. Applications for attorney fees may be made in the proceedings on remand.

## VI. CONCLUSION

The district court did not err in its ruling regarding discovery, and such order is affirmed. The district court abused its discretion and erred as a matter of law in analyzing Michael's application for modification of child support. Such errors require reversal, and the matter is remanded for further proceedings regarding Michael's application for modification of child support. The district court's order with regard to both motions for attorney fees is vacated.

AFFIRMED IN PART, VACATED IN PART, AND
IN PART REVERSED AND REMANDED
FOR FURTHER PROCEEDINGS.