DEBRA S. MOORE, APPELLANT, V. ROGER LEE BAUER, APPELLEE,
AND STATE OF NEBRASKA, INTERVENOR-APPELLEE.
657 N.W.2d 25

Filed February 25, 2003. No. A-01-840.

Andrew W. Snyder, of Chaloupka, Holyoke, Hofmeister, Snyder & Chaloupka, L.L.O., for appellant.

Karen A. Ditsch, Box Butte County Attorney, for appellee and intervenor-appellee.

SIEVERS, INBODY, and MOORE, Judges.

MOORE, Judge.

## INTRODUCTION

Debra S. Moore moved to modify a previous order of child support. The district court for Box Butte County, Nebraska, deviated from the Nebraska Child Support Guidelines and lowered Moore's support obligation based upon Moore's obligation to a child from a subsequent marriage as well as her former husband's obligation to support a child from a subsequent relationship. Moore appeals.

## BACKGROUND

When Moore and Roger Lee Bauer divorced, Moore was granted custody of the parties' two minor children, Lindsey, born on August 14, 1980, and Rylan, born on October 17, 1984. At that time, Bauer was ordered to pay child support in the amount of $430 per month for both children. In May 1998, the parties stipulated to have Bauer's child support obligation terminated because the custody arrangement had changed in that Rylan started living with Bauer and Lindsey remained with Moore. In May 1998, an order approving this stipulation was entered wherein neither party was required to pay child support. On August 14, 1999, Lindsey reached the age of majority and no longer resided with Moore. Moore has since remarried and had a third child, who was 10 years old at the time of trial. Bauer has not remarried, but fathered

a child out of wedlock and pays $200 per month in support for the child pursuant to an agreement with the mother. There is no paternity decree, and Bauer is not subject to any court-ordered child support for this child.

On October 13, 2000, Moore filed a motion for change of the custody of Rylan. On November 21, the district court ordered Moore to pay child support in the amount of $464 per month for Rylan. Moore subsequently filed an amended motion to modify custody and child support on December 8. Moore sought modification of her child support obligation because she had received a buyout from her previous employer and would no longer have an income. Moore had previously been employed by the Burlington Northern and Santa Fe Railway Company, and on December 4, the company had offered Moore a buyout in the amount of $100,000 for a voluntary separation. Moore accepted the offer and received net pay in the amount of $59,663.66. At the time of trial, Moore was employed part time at an accounting firm earning $7 per hour during the tax season.

On March 2, 2001, Moore moved to dismiss her motion to modify custody, without prejudice. An evidentiary hearing was held on March 13 to address the issue of child support modification. In a letter to counsel dated June 19, 2001, the district court judge outlined his decision on the issue of support with directions to the Box Butte County Attorney, as counsel for the State, to prepare an order consistent with the findings set forth in the letter, which lowered Moore's child support. Attached to the letter was a child support calculation worksheet. On July 3, the district court filed an order of modification that directed Moore to pay child support in the amount of $424 per month commencing on July 1, 2001. It is from the July 3 order that Moore appeals.

## ASSIGNMENTS OF ERROR

On appeal, Moore alleges that the district court erred in (1) failing to provide the parties full credit for their financial obligations for children of subsequent relationships; (2) not including in its order the appropriate child support worksheets reflecting the amount of support that would have been required under the Nebraska Child Support Guidelines absent a deviation; (3) failing to take into consideration extraordinary expenditures Moore had

incurred on behalf of Lindsey, the parties' emancipated child; and (4) failing to make the support modification retroactive.

## STANDARD OF REVIEW

■ Modification of child support payments is entrusted to the trial court's discretion, and although, on appeal, the issue is reviewed de novo on the record, the decision of the trial court will be affirmed absent an abuse of discretion. *Gallner v. Hoffman,* 264 Neb. 995, 653 N.W.2d 838 (2002); *Crawford v. Crawford,* 263 Neb. 37, 638 N.W.2d 505 (2002). A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrains from acting, and the selected option results in a decision which is untenable and unfairly deprives a litigant of a substantial right or a just result in matters submitted for disposition through a judicial system. *Gallner v. Hoffman, supra.*

■ Interpretation of the Nebraska Child Support Guidelines presents a question of law, regarding which an appellate court is obligated to reach a conclusion independent of the determination reached by the court below. *Id.*

## ANALYSIS
*Child Support Deviation for Subsequent Children.*

Moore's first assignment of error alleges that the district court failed to provide the parties full credit for the financial obligations each of them has with respect to their children of subsequent relationships. Moore's second assignment of error is that the district court erred by not attaching to its order the appropriate child support worksheets, including a worksheet that reflected the amount of support that would have been required under the Nebraska Child Support Guidelines absent a deviation for subsequent children. Because these assignments are interrelated, we shall address them together.

The child support order entered by the court did not address the issue of a deviation from the guidelines for the subsequent children of the parties; nor were there worksheets attached to the order as required by the guidelines. All that is contained in the order is a recitation that Moore's child support obligation is set at $424 per month, commencing July 1, 2001. The court did address

the deviation issue in its June 19 letter to counsel, which states in part as follows:

> The Court further believes that when individuals have children that this responsibility is primary to their decision to have further children with another spouse or mate. When subsequent children are born, they should not take priority over the first born.
>
> The calculation which the Court orders is a deviation in the child support guidelines, in that the Court gives consideration to the subsequent children in the amount of half of what the child support order would be for the subsequent family.
>
> Therefore, [Moore] will get credit for $217.50, or half of $435, and [Bauer] will get credit for $100, or half of the $200 [Bauer] is paying.

Attached to this letter was a worksheet containing a child support calculation which included the above credits. Counsel for the State was directed to prepare an order in accordance with the court's findings. The order prepared, as mentioned above, did not contain any such findings or the worksheet attached to the court's letter. However, we find that even if the order had contained the information set forth in the letter and the attached worksheet, the order would still have been deficient.

Paragraph C of the Nebraska Child Support Guidelines specifically declares that "[a]ll orders for child support, including modifications, must include a basic income and support calculation worksheet" from the child support guidelines. The importance of adhering to this requirement has been repeatedly emphasized by the appellate courts of this state. See, *Gallner v. Hoffman, supra*; *Brooks v. Brooks*, 261 Neb. 289, 622 N.W.2d 670 (2001); *Baratta v. Baratta*, 245 Neb. 103, 511 N.W.2d 104 (1994); *Lawson v. Pass*, 10 Neb. App. 510, 633 N.W.2d 129 (2001). In the event of a deviation, the reason for the deviation shall be contained in the findings portion of the decree or order, or worksheet 5 should be completed by the court and filed in the court file. The trial court is required to state the amount of support that would have been required under the guidelines absent the deviation. *Brooks v. Brooks, supra*. "Although either stating the reason for the deviation in the decree or order or completing

worksheet 5 is sufficient, we encourage trial courts to do both."
*Id.* at 293, 622 N.W.2d at 674.

Under certain circumstances, it may be appropriate for a trial court to consider subsequently born children of a party when determining child support. This determination is entrusted to the discretion of the trial court. *Id.* See *Hajenga v. Hajenga*, 257 Neb. 841, 601 N.W.2d 528 (1999). The party requesting a deviation from the guidelines based upon an obligation to support offspring of a subsequent relationship bears the burden of providing evidence regarding the obligation, including the income of the other parent of the child or children of the subsequent relationship. *Brooks v. Brooks, supra*; *Hajenga v. Hajenga, supra.*

In *Brooks*, the Nebraska Supreme Court was presented with a situation very similar to the case at hand, namely modification of child support for prior children when both parents had children from subsequent marriages. In modifying the father's child support obligation, the trial court did not utilize worksheet 1 of the guidelines, but included worksheet 5 with its order. The worksheet deducted a figure from the father's income for support of the four children from his subsequent marriage but did not describe how the court had reached this amount. In discussing deviations from the guidelines, the *Brooks* court stated:

> We conclude that there is no precise mathematical formula applicable to situations where a court deviates from the guidelines when children from subsequent relationships are involved. Subsequent familial relationships vary widely from case to case. When a deviation from the guidelines is appropriate, the trial court should consider both parents' support obligations to all children involved in the relationships. In considering the obligation to those subsequent children, the trial court should take into consideration the income of the other parent of these children as well as any other equitable considerations.

> We hold that the specific formula for making such calculations is left to the discretion of the trial court, as long as the basic principle that both families are treated as fairly as possible is adhered to. We again emphasize that the trial court shall include the appropriate worksheets with its order

and provide in its order the amount of support that would have been required under the guidelines absent a deviation. We further emphasize the importance of providing the methods used when calculating a deviation by showing this either on the worksheets or in the order.

261 Neb. at 295-296, 622 N.W.2d at 675.

The Supreme Court in *Brooks* noted the trial court's failure to include worksheet 1 with its order and the Supreme Court's own inability to determine how the father's income figure was ascertained. The Supreme Court also noted that the record did not show that the trial court calculated the deviation in a manner that properly considered the father's support obligation to both families. Finally, the order in *Brooks* did not set forth the amount of support that would have been required under the guidelines absent a deviation. "Without worksheet 1 and additional information, we are unable to determine whether the trial court considered [the father's] obligation to [his child at issue] when it calculated a deviation based on the support of [the father's] other children. The inference is that it did not do so." *Brooks v. Brooks*, 261 Neb. 289, 296, 622 N.W.2d 670, 676 (2001).

Likewise, in the case at hand, we have worksheet 5 attached to the trial court's letter; however, we do not have worksheet 1 or any finding setting forth the amount of child support that Moore would have been required to pay under the guidelines absent a deviation. There is evidence in the record of Moore's current husband's income, together with Moore's previous and current income, from which the trial court apparently calculated the support for the subsequent child of this union. There is evidence that Bauer voluntarily pays $200 per month in support for his subsequent child, but there is no evidence as to how this figure was arrived at or whether it is a correct amount of support for this child. However, without additional information, we are unable to determine whether the trial court considered each parent's obligation to Rylan when it calculated a deviation based on the support of each parent's subsequent child.

Accordingly, as did the court in *Brooks*, we reverse the judgment of the trial court and remand the cause for a calculation of child support consistent with this opinion.

*Extraordinary Expenses.*

Moore's next assignment of error alleges that in calculating Moore's child support obligation, the district court erred in failing to take into consideration the amount of extraordinary expenses she has incurred and will continue to incur in connection with the parties' oldest child, Lindsey.

In Nebraska, an obligor's duty to pay child support for a child terminates when the child reaches 19 years of age, the child marries, the child dies, or the child is emancipated by a court of competent jurisdiction, unless the court order for child support specifically extends child support after such circumstances. Neb. Rev. Stat. § 42-371.01 (Cum. Supp. 2002).

At trial, Moore offered evidence that listed various expenditures that had been made on Lindsey's behalf, including those for automobile expenses, college tuition and books, rent, and various personal expenses. A portion of the expenses was incurred before Lindsey reached the age of majority, during which time Moore was obligated to pay for Lindsey's care pursuant to the agreement of May 1998. The balance of the expenses listed was incurred subsequently to Lindsey's reaching the age of majority on August 14, 1999. While we do not question the validity of the expenses incurred by Moore or the fact that it is not unusual for a parent or parents to have continuing financial obligations regarding their children beyond the age of majority, there is no authority, statutory or otherwise, that requires a court to consider these types of expenses in determining the child support obligation for the remaining minor child or children. To do so would, at the very least, invite unwanted complications and potential abuse. Therefore, we find no error in the district court's disregard of this evidence in calculating Moore's support obligation. See *Henderson v. Henderson,* 264 Neb. 916, 653 N.W.2d 226 (2002) (error to include adult child in child support calculation).

*Retroactive Modification.*

Finally, Moore claims that her decreased child support obligation should have been effective as of the date she filed for the modification, December 8, 2000, rather than on July 1, 2001.

 The initial determination regarding the retroactive application of the modification order is normally entrusted to the discretion of the trial court. *Noonan v. Noonan*, 261 Neb. 552, 624 N.W.2d 314 (2001); *Riggs v. Riggs*, 261 Neb. 344, 622 N.W.2d 861 (2001). The Nebraska Supreme Court in *Noonan* stated that the rule, absent equities to the contrary, should generally be that the modification of a child support order should be applied retroactively to the first day of the month following the filing date of the application for modification. The paramount concern and question in determining child support, whether in the initial marital dissolution action or in proceedings for modification of a decree, is the best interests of the child. *Noonan v. Noonan, supra*; *Riggs v. Riggs, supra.*

Based on our de novo review of the record, there is nothing therein indicating that a retroactive application of the support obligation would compromise the best interests of Rylan. Bauer is gainfully employed and is in a position where a retroactive application would not create a hardship. Therefore, we reverse the trial court's decision and remand the cause with directions to the district court to retroactively apply Moore's reduced child support obligation as of January 1, 2001, which is the first day of the month following the filing date of her motion.

### CONCLUSION

We conclude that the district court erred in failing to set forth its finding with regard to a deviation from the guidelines for subsequent children and in failing to attach worksheets 1 and 5 to its order. Accordingly, we reverse the judgment of the trial court and remand the cause for a calculation of child support consistent with this opinion. On remand, any reduction in Moore's child support obligation should be made retroactive to January 1, 2001. We further conclude that the district court did not err by failing to consider the expenditures Moore made on behalf of the parties' emancipated daughter, Lindsey, in calculating the modified child support obligation.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.

SIEVERS, Judge, concurring.

While I completely agree with the majority opinion, some further comment on the matter of the all too frequent failure of trial

courts to follow the requirement that child support worksheets be prepared and adopted by the court is appropriate.

This court and the Nebraska Supreme Court have repeatedly emphasized the requirement that worksheets be prepared. This court has repeatedly remanded cases (not all of which were published cases) for the failure to prepare worksheets, to the point that no citation of authority is required. The reality of this situation is that mothers and fathers are being penalized because of the obvious cost and delay associated with the preparation of an appellate record, appellate briefs, and oral argument which results in nothing more than a remand.

While it is unquestionably the duty of the trial judge under the Nebraska Child Support Guidelines to prepare the worksheets in compliance with the pronouncements of the Nebraska Supreme Court and this court, I believe we have reached the point where counsel must respond to the published appellate decisions on the matter. In my judgment, an attorney who appeals a dissolution decree or a decree on modification of child support when the trial court has not adopted the proper worksheets is remiss in his or her duty to the client if such appeal is filed without first attempting to get the trial court to correct its obviously erroneous decree. A motion to amend or alter a judgment pursuant to Neb. Rev. Stat. § 25-1329 (Cum. Supp. 2002), which stops the running of the time for filing a notice of appeal, see Neb. Rev. Stat. § 25-1912(3) (Cum. Supp. 2002), seems to be the perfect vehicle.

In short, previous pronouncements of the appellate courts on this subject should be well known by all attorneys practicing domestic relations law. The filing of an appeal when proper worksheets have not been adopted by the trial court, without utilizing the procedures suggested above prior to filing the appeal, is largely a waste of time and money. And, while counsel can rightly fault the trial court when explaining our remand to the client, in my view, counsel must now shoulder some responsibility for pursuing an appeal from an obviously faulty decree when there exists a procedure to avoid an expensive and time-consuming remand from the appellate court for preparation of child support worksheets.