761 N.W.2d 922 (2009)
277 Neb. 301
Sandra S. RUTHERFORD, appellee,
v.
Gregory A. RUTHERFORD, appellant.
No. S-07-1088.
Supreme Court of Nebraska.
March 6, 2009.
*924 Clay M. Rogers and Kevin J. McCoy, of Dwyer, Smith, Gardner, Lazer, Pohren & Rogers, L.L.P., and David L. Herzog, Omaha, for appellant.
Donald A. Roberts, of Lustgarten & Roberts, P.C., L.L.O., Omaha, for appellee.
WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
PER CURIAM.

NATURE OF CASE
Gregory A. Rutherford (Greg) and Sandra S. Rutherford divorced in 1998, and Greg was ordered to pay child support for their three children. On June 27, 2005, Sandra filed a complaint for modification of child support. The Douglas County District Court increased the child support retroactive to July 2005, and Greg appeals.
In this opinion, we advise the parties and direct the trial courts that in the future, this court and the Nebraska Court of Appeals will summarily remand all appeals involving child support or modification of child support that do not contain the appropriate worksheets relative to child support or child support modification.

FACTS
Greg and Sandra were married in Omaha, Nebraska, on September 15, 1984, and had three children, born November 12, 1987; April 29, 1991; and June 8, 1994. Sandra worked as a registered nurse, and Greg was president of Tagge Rutherford Financial Group and owner of Rutherford Investment Management Company (RIMC).
When the parties divorced, Sandra was awarded custody of the children. Greg was ordered to pay monthly child support of $2,100 for three children, $1,900 for two children, and $1,750 for one child. He was also ordered to pay alimony for 78 months or until Sandra's death or remarriage. A property settlement agreement was approved which required Greg to pay all health insurance premiums and 100 percent of uninsured medical expenses for the children.
After Sandra remarried in 2005, she filed a complaint for modification of child support. Greg remarried in 2004 and had two children with his second wife.
Following the hearing, the trial court found that Sandra had a gross salary of $62,400 per year and that Greg's annual income was $120,000. Because RIMC paid numerous personal expenses for Greg and his second wife, totaling more than $200,000 per year, the court adjusted Greg's income to $229,000 per year. It deducted 30 percent from each party's monthly income for taxes, which resulted in monthly net incomes of $3,500 for Sandra and $13,300 for Greg, or a combined monthly net income of $16,800. The court determined that Sandra's contribution equaled 21 percent and that Greg's contribution was 79 percent.
Sandra and Greg each filed a motion for new trial. After recalculating, the court determined that Greg's income was $120,000 per year, but it added expenses paid by RIMC of $150,000 to arrive at a total annual income for Greg of $270,000. The court deducted 30 percent from both parties' gross incomes for taxes and arrived at a total monthly net income of $19,250 combined. The resulting percentage allocation was 82 percent for Greg and 18 percent for Sandra.
Greg was ordered to pay $3,382.50 per month for the three children at the time of the filing of the complaint to modify, $2,969.22 for two children, and $2,316.46 for one child. The child support was made retroactive to July 1, 2005. Greg appeals *925 from the modification. For the reasons set forth, we remand the cause with directions.

ASSIGNMENTS OF ERROR
Greg assigns the following errors: The trial court abused its discretion (1) in modifying child support to an amount unsupported by the record and in setting this amount by extrapolating from the child support guidelines without evidence of the court's calculations, (2) in considering only an increase in Greg's income without considering the needs of the children, and (3) in failing to consider in its support calculations Greg's payment of all health insurance premiums and uninsured medical costs, as well as his obligations to his later-born children.

STANDARD OF REVIEW
Modification of child support is entrusted to the discretion of the trial court.[1] An appellate court reviews proceedings for modification of child support de novo on the record and will affirm the judgment of the trial court absent an abuse of discretion.[2] A judicial abuse of discretion exists when reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition.[3]

ANALYSIS
The trial court determined that the total monthly net income of the parties was $19,250 and that Greg's income accounted for 82 percent of that amount and Sandra's income amounted to 18 percent of the total. Neither party claims any error on the part of the trial court in determining the monthly net income or the allocation, and this amount shall be used by the court on remand. Rather, Greg argues that the trial court abused its discretion in its calculation of the amount of child support he should pay. Greg argues that the amount was unsupported by the record and that the court extrapolated the amount from the child support guidelines but did not provide evidence of its calculations.
The record does not include any child support worksheet prepared by the trial court. The order merely states that the court determined the parties' respective incomes and then subtracted 30 percent for taxes to calculate the monthly net income of each parent. The order says the court then "extrapolat[ed]" the income figures and used the child support guidelines.
The child support guidelines in effect at the time of the complaint for modification provided for a maximum combined monthly income of $10,000. The guidelines stated that if the total net income exceeded $10,000 monthly, "child support for amounts in excess of $10,000 monthly [could] be more but [should] not be less than the amount which would be computed using the $10,000 monthly income unless other permissible deviations exist."[4]
For a combined monthly income of $10,000, the guidelines provided that the total child support should be $2,645 for three children, $2,326 for two children, and $1,654 for one child. Thus, the trial court ordered Greg to pay child support in excess of the guidelines based on the greater monthly income of the parties. However, because there is no worksheet in the record, we do not know why the court awarded *926 the amount of support it did, except that the court extrapolated the amount set forth in the guidelines.
All orders concerning child support, including modifications, should include the appropriate child support worksheets.[5] Under the guidelines, a deviation in the amount of child support is allowed "`whenever the application of the guidelines in an individual case would be unjust or inappropriate.'"[6] "Deviations from the guidelines must take into consideration the best interests of the child."[7]
In the event of a deviation from the guidelines, the trial court should "state the amount of support that would have been required under the guidelines absent the deviation and include the reason for the deviation in the findings portion of the decree or order, or complete and file worksheet 5 in the court file."[8]
The importance of adhering to this requirement has been repeatedly emphasized by the appellate courts of this state. See, Brooks v. Brooks, 261 Neb. 289, 622 N.W.2d 670 (2001); Baratta v. Baratta, 245 Neb. 103, 511 N.W.2d 104 (1994); Lawson v. Pass, 10 Neb. App. 510, 633 N.W.2d 129 (2001); Laubscher v. Laubscher, 8 Neb.App. 648, 599 N.W.2d 853 (1999); State on behalf of Elsasser v. Fox, 7 Neb.App. 667, 584 N.W.2d 832 (1998). It has been stated that "the trial courts must show the appellate courts, and the parties, that they have `done the math.'" Stewart v. Stewart, 9 Neb.App. 431, 434, 613 N.W.2d 486, 489 (2000).[9]
As noted, in the case at bar, we are unable to determine what the trial court considered. The court extrapolated from the guidelines, but we have no evidence of the method used to calculate the child support. The court did not complete a worksheet specifying its calculations and delineating any deviations it took into consideration.
Greg also argues that the trial court abused its discretion in failing to consider his obligations to his later-born children. Greg testified that he has two children with his second wife and that the children were born in 2005 and 2007. The guidelines provide:
An obligor shall not be allowed a reduction in an existing support order solely because of the birth ... of subsequent children of the obligor; however, a duty to provide regular support for subsequent children may be raised as a defense to an action for an upward modification of such existing support order.[10]
In Wilkins v. Wilkins,[11] we found no abuse of discretion in the trial court's calculation of child support for children of a first marriage while taking into consideration the father's obligation to a child from a second marriage. The trial court determined child support in an interdependent *927 manner that considered the obligation to each family.[12] In this case, there is no worksheet to assist us in determining whether the trial court took into consideration Greg's children from his second marriage when it extrapolated the amount of child support from the guidelines.
Greg also complains that the trial court failed to take into consideration that he pays health insurance premiums for the children. Evidence was presented that RIMC pays $437 per month for health insurance, but the record does not indicate who is covered by the insurance or whether Greg paid this amount from the income the court assessed to him. Greg paid medical expenses, such as those for doctor visits and physical examinations, and dental and orthodontia expenses for the children, but no evidence was presented to show the amounts of these expenses. The guidelines provided that a parent who requests an adjustment in child support for health insurance premiums "must submit proof of the cost of the premium."[13] Without a worksheet, this court cannot determine whether expenses for health insurance or health care for the children were taken into consideration in the modification.
The trial court abused its discretion by failing to complete a worksheet as to the method it used to determine the modification of child support. Failure to comply with the requirements set forth in the guidelines is an abuse of discretion. We therefore remand the cause to the trial court with directions to complete any applicable worksheets and provide evidence of the calculations in its order.
This court and the Nebraska Court of Appeals have previously emphasized the importance of adhering to the requirement that worksheets be provided in all appeals from orders concerning child support, including modifications.[14]
Henceforth, if a trial court fails to prepare the applicable worksheets, the parties are required to request that such worksheet be included in the trial court's order. Orders for child support or modification which do not contain such worksheets will on appeal be summarily remanded to the trial court so that it can prepare the worksheets as required by the guidelines. Such requirement is set forth in this court's rules.[15]
Therefore, effective upon the filing of this opinion, the record on appeal from an order imposing or modifying child support shall include any applicable worksheets with the trial court's order. Failure to include such worksheets in the record will result in summary remand of the trial court's order.

CONCLUSION
The cause is remanded with directions that the trial court prepare an order of modification consistent with this opinion.
REMANDED WITH DIRECTIONS.
HEAVICAN, C.J., participating on briefs.
NOTES
[1] Wilkins v. Wilkins, 269 Neb. 937, 697 N.W.2d 280 (2005).
[2] Id.
[3] Simpson v. Simpson, 275 Neb. 152, 744 N.W.2d 710 (2008).
[4] See Neb. Ct. R. § 4-203(C).
[5] See § 4-203.
[6] Gress v. Gress, 271 Neb. 122, 129, 710 N.W.2d 318, 326 (2006).
[7] Id. at 130, 710 N.W.2d at 327.
[8] Jensen v. Jensen, 275 Neb. 921, 929-30, 750 N.W.2d 335, 343 (2008).
[9] Gallner v. Hoffman, 264 Neb. 995, 1002, 653 N.W.2d 838, 844 (2002). See, also, Moore v. Bauer, 11 Neb.App. 572, 581, 657 N.W.2d 25, 33 (2003) (Sievers, Judge, concurring) ("[i]n my judgment, an attorney who appeals a dissolution decree or a decree on modification of child support when the trial court has not adopted the proper worksheets is remiss in his or her duty to the client if such appeal is filed without first attempting to get the trial court to correct its obviously erroneous decree").
[10] Neb. Ct. R. § 4-220.
[11] Wilkins v. Wilkins, supra note 1.
[12] Id. See, also, Czaplewski v. Czaplewski, 240 Neb. 629, 483 N.W.2d 751 (1992) (trial court properly factored into its calculations father's offspring of his subsequent marriage).
[13] See Nebraska Child Support Guidelines, worksheet 1, fifth comment.
[14] See, Gallner v. Hoffman, supra note 9; Stewart v. Stewart, 9 Neb.App. 431, 434, 613 N.W.2d 486, 489 (2000) ("[i]t is not within the trial court's discretion to forgo completion of the worksheet").
[15] See § 4-203.