770 N.W.2d 667 (2009)
17 Neb. App. 750
Joshua M. JONES, appellant,
v.
Jillian Z. BELGUM, appellee.
No. A-09-200.
Court of Appeals of Nebraska.
June 30, 2009.
*668 Kelly T. Shattuck, of Vacanti Shattuck, Omaha, for appellant.
No appearance for appellee.
INBODY, Chief Judge, and SIEVERS and CASSEL, Judges.
CASSEL, Judge.
This matter comes before us on Joshua M. Jones' motion requesting a second extension of his brief due date. He seeks an extension so that he may obtain a child support calculation worksheet from the district court, because the court did not include such a worksheet with its order.
Recently, in Rutherford v. Rutherford, 277 Neb. 301, 308, 761 N.W.2d 922, 927 (2009), the Nebraska Supreme Court declared that "effective upon the filing of this opinion, the record on appeal from an order imposing or modifying child support shall include any applicable worksheets with the trial court's order. Failure to include such worksheets in the record will result in summary remand of the trial court's order." Jones' motion asserts that the court's orderentered prior to release of Rutherfordfailed to include a child support worksheet. We are bound by Rutherford to summarily remand the matter to the district court.
Jones' motion seeks to save the appeal by obtaining the necessary worksheet from the district court, including the worksheet in the appellate record, and then making arguments before this court. Generally, after an appeal to an appellate court has been perfected in a civil case, a lower court is without jurisdiction to hear a case involving the same matter between the same parties. In re Guardianship & *669 Conservatorship of Woltemath, 268 Neb. 33, 680 N.W.2d 142 (2004). Because the filing of the notice of appeal divests the district court of jurisdictionwith some exceptions which do not appear applicable to the situation herewe overrule Jones' motion and remand the matter to the district court with direction to prepare the applicable child support worksheet. Once the district court has completed the worksheet, filing a new appeal will be necessary.
While the delay and additional expense associated with this remand are unfortunate, there is a procedural toola motion to alter or amend a judgmentreadily available to "avoid an expensive and time-consuming remand from the appellate court for preparation of child support worksheets." Moore v. Bauer, 11 Neb. App. 572, 581, 657 N.W.2d 25, 33 (2003) (Sievers, Judge, concurring). We emphasize the importance of using this procedural device in the future.
MOTION OVERRULED, AND CAUSE REMANDED WITH DIRECTION.