older neighborhoods. Thus, intervention through the rental housing inspection program was clearly in the public's interest of maintaining safe housing for tenants *and* safe and livable neighborhoods for La Vista's residents. We agree with the U.S. Supreme Court that "a city's 'interest in attempting to preserve the quality of urban life is one that must be accorded high respect.'"[16]

## CONCLUSION

The record shows that La Vista based its distinctive treatment of residential rental properties on a real difference from other residential properties and that its distinctive treatment was reasonably related to legitimate goals. Accordingly, the court was correct in granting La Vista's judgment as a matter of law. The court did not err in sustaining its motion for summary judgment.

Affirmed.

Miller-Lerman, J., participating on briefs.

---

[16] *Renton v. Playtime Theatres, Inc*., 475 U.S. 41, 50, 106 S. Ct. 925, 89 L. Ed. 2d 29 (1986).

---

Kelly R. Pearson, now known as
Kelly R. Connett, appellant, v.
Steven C. Pearson, appellee.
___ N.W.2d ___

Filed April 12, 2013.    No. S-12-482.

1. **Modification of Decree: Child Support: Appeal and Error.** Modification of child support payments is entrusted to the trial court's discretion, and although, on appeal, the issue is reviewed de novo on the record, the decision of the trial court will be affirmed absent an abuse of discretion.
2. **Child Support: Rules of the Supreme Court.** A deviation in the amount of child support is allowed whenever the application of the Nebraska Child Support Guidelines in an individual case would be unjust or inappropriate.
3. ____: ____. Deviations from the Nebraska Child Support Guidelines must take into consideration the best interests of the child or children.
4. **Visitation.** As with other visitation determinations, the matter of travel expenses associated with visitation is initially entrusted to the discretion of the trial court.

5. **Child Support: Rules of the Supreme Court.** All orders concerning child support, including modifications, should include the appropriate Nebraska Child Support Guidelines worksheets.
6. \_\_\_\_: \_\_\_\_. In the event of a deviation from the Nebraska Child Support Guidelines, the trial court should state the amount of support that would have been required under the guidelines absent the deviation and include the reason for the deviation in the findings portion of the decree or order, or complete and file worksheet 5 in the court file.
7. **Child Support: Rules of the Supreme Court: Records: Appeal and Error.** The record on appeal from an order imposing or modifying child support shall include any applicable Nebraska Child Support Guidelines worksheets with the trial court's order. Failure to include such worksheets in the record will result in summary remand of the trial court's order.

Appeal from the District Court for Douglas County: DUANE C. DOUGHERTY, Judge. Remanded with directions.

Kelly T. Shattuck, of Vacanti Shattuck, for appellant.

Douglas R. Switzer and Richard P. Hathaway, of Hathaway Switzer, L.L.C., for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, STEPHAN, MILLER-LERMAN, and CASSEL, JJ.

STEPHAN, J.

This is an appeal from an order of the district court for Douglas County modifying a decree of dissolution by (1) permitting the mother to move the minor children in her custody to Alaska and (2) terminating child support. The sole issue on appeal is whether the district court abused its discretion in determining that the father's child support obligation should be terminated because of the increased visitation expenses necessitated by the children's move to Alaska. The district court's order does not include a worksheet showing the methodology utilized by the court in determining that the child support obligation should be terminated. Therefore, we remand with directions.

## FACTS

Kelly R. Pearson and Steven C. Pearson were married in South Dakota on May 20, 1998. They have three minor children. On February 6, 2007, while residing in Nebraska, Kelly

and Steven separated. On June 22, they entered into a marital settlement agreement. The agreement provided for joint legal custody of the children and stated that the parent with whom the children resided would control day-to-day decisions. No child support was to be paid "[d]ue to the income of each party and the number of overnights the child(ren) spend with each party . . . ," but Kelly and Steven agreed to review the child support arrangement at least every 2 years. In a dissolution proceeding in which both parties appeared pro se, the district court for Douglas County entered an order dissolving the marriage on April 4, 2008. Custody and visitation were ordered as provided in the agreement.

On July 25, 2008, the district court found there had been a material change in circumstances in that the children had begun receiving assistance from the State of Nebraska, and it entered an order modifying the decree. Steven was ordered to pay child support of $481 per month for three children, $416 per month for two children, and $282 per month for one child.

Kelly remarried in October 2010. On February 24, 2011, she filed an application to modify the decree because child support had not been reviewed for more than 3 years. Kelly also claimed it was in the best interests of the minor children that she be awarded sole legal and physical custody and asked that she be allowed to remove the minor children from Nebraska to Alaska, because her husband had a job opportunity there and the move would result in increased income for the family. Kelly requested that "child support . . . be based on a standard calculation" and that it be made retroactive to the date on which her application to modify was filed.

After a trial, the district court granted Kelly's request to remove the minor children to Alaska and found that it was in the best interests of the children that sole care, custody, and control be awarded to Kelly. The court awarded Steven visitation every summer beginning 10 days after school was dismissed and ending 10 days prior to the start of school. Steven also was awarded visitation over the school spring break and over the "Christmas and New Year school holiday." Kelly was ordered to allow the children to have reasonable and liberal contact with Steven through "webcam" access and telephone

contact. Steven was also granted visitation with the children anytime he might be in Alaska, with the provision that he give Kelly 48 hours' advance notice. The court ordered Steven to pay all costs of transportation for visitations, except that if the airlines required a chaperone, Kelly was to pay the cost.

The court terminated Steven's child support obligations "in recognition of the greatly increased costs that [Steven] will incur in order to exercise his visitation with his minor children." However, the district court's order does not include a worksheet showing the court's calculations leading to the termination of Steven's child support obligation.

## ASSIGNMENT OF ERROR

Kelly appealed, assigning as error the district court's termination of Steven's child support obligation. Steven did not cross-appeal from that portion of the order permitting Kelly to remove the children to Alaska.

## STANDARD OF REVIEW

[1] Modification of child support payments is entrusted to the trial court's discretion, and although, on appeal, the issue is reviewed de novo on the record, the decision of the trial court will be affirmed absent an abuse of discretion.[1]

## ANALYSIS

In general, child support payments should be set according to the Nebraska Child Support Guidelines,[2] which are promulgated by this court pursuant to Neb. Rev. Stat. § 42-364.16 (Reissue 2008). The guidelines "shall be applied as a rebuttable presumption," and "[a]ll orders for child support obligations shall be established in accordance with the provisions of the guidelines unless the court finds that one or both parties have produced sufficient evidence to rebut the presumption that the guidelines should be applied."[3]

---

[1] *Incontro v. Jacobs*, 277 Neb. 275, 761 N.W.2d 551 (2009).

[2] *Id*.

[3] Neb. Ct. R. § 4-203 (rev. 2011). See, also, *State on behalf of A.E. v. Buckhalter*, 273 Neb. 443, 730 N.W.2d 340 (2007); *Wilkins v. Wilkins*, 269 Neb. 937, 697 N.W.2d 280 (2005).

[2-4] Under the guidelines, a deviation in the amount of child support is allowed whenever the application of the guidelines in an individual case would be unjust or inappropriate.[4] Deviations from the guidelines must take into consideration the best interests of the child or children.[5] The guidelines specifically address adjustments in child support related to visitation:

> [A]n adjustment in child support may be made at the discretion of the court when visitation or parenting time substantially exceeds alternating weekends and holidays and 28 days or more in any 90-day period. During visitation or parenting time periods of 28 days or more in any 90-day period, support payments may be reduced by up to 80 percent. The amount of any reduction for extended parenting time shall be specified in the court's order and shall be presumed to apply to the months designated in the order. *Any documented substantial and reasonable long-distance transportation costs directly associated with visitation or parenting time may be considered by the court and, if appropriate, allowed as a deviation from the guidelines.*[6]

As with other visitation determinations, the matter of travel expenses associated with visitation is initially entrusted to the discretion of the trial court.[7]

[5,6] All orders concerning child support, including modifications, should include the appropriate child support worksheets.[8] In the event of a deviation from the guidelines, the trial court should state the amount of support that would have been required under the guidelines absent the deviation and include the reason for the deviation in the findings portion of

---

[4] *Rutherford v. Rutherford*, 277 Neb. 301, 761 N.W.2d 922 (2009); *Gress v. Gress*, 271 Neb. 122, 710 N.W.2d 318 (2006).

[5] See, *id.*; § 4-203.

[6] Neb. Ct. R. § 4-210 (emphasis supplied).

[7] *State on behalf of Pathammavong v. Pathammavong*, 268 Neb. 1, 679 N.W.2d 749 (2004); *Vogel v. Vogel*, 262 Neb. 1030, 637 N.W.2d 611 (2002).

[8] *Rutherford v. Rutherford*, *supra* note 4. See § 4-203.

the decree or order, or complete and file worksheet 5 in the court file.[9]

In this case, the only child support worksheet included in the record is one prepared by Steven's counsel, which was received "as an aid" to the court. It reflects that Steven's monthly child support obligation would be $1,149 for three children, $995 for two children, and $675 for one child. There is no worksheet attached to the district court's order, and the order makes no reference to the worksheet submitted by Steven's counsel.

[7] In *Rutherford v. Rutherford*,[10] we held that a trial court abused its discretion by failing to complete a worksheet documenting the method it used to determine the modification of child support. We reasoned that without a worksheet specifying the trial court's calculations and delineating any deviations it took into consideration, an appellate court was unable to undertake any meaningful review. We held that if a trial court fails to prepare the applicable worksheets, the parties are required to request that such worksheets be included in the trial court's order. And we concluded that effective upon the filing of the *Rutherford* opinion, "the record on appeal from an order imposing or modifying child support shall include any applicable worksheets with the trial court's order. Failure to include such worksheets in the record will result in summary remand of the trial court's order."[11] Based upon our holding in *Rutherford,* we remand this cause to the district court with directions to complete the applicable worksheets and provide evidence in the court order of the calculations used to determine child support.

In the interests of judicial efficiency, and because we have not previously written on the factors to be considered in determining whether travel expenses relating to visitation should be allowed as a deviation from the guidelines under § 4-210, we note our agreement with the principles stated in *Hokomoto*

---

[9] *Rutherford v. Rutherford, supra* note 4; *Jensen v. Jensen*, 275 Neb. 921, 750 N.W.2d 335 (2008).

[10] *Rutherford v. Rutherford, supra* note 4.

[11] *Id*. at 308, 761 N.W.2d at 927.

*v. Turnbull*,[12] a recent memorandum opinion of the Nebraska Court of Appeals. Only reasonable transportation expenses may reduce or abate a child support obligation. Allowing unlimited abatement of child support, to the point where the custodial parent receives substantially reduced or no child support, is contrary to the children's best interests. As other courts have noted, a custodial parent has some fixed and constant expenses in raising children, and these expenses do not decrease during extended periods of visitation with the noncustodial parent.[13] These expenses certainly do not decrease simply because transportation costs significantly increase. On remand, the court must consider the impact of the increased transportation expenses on both parents in light of the best interests of the children.

## CONCLUSION

The cause is remanded with directions that the district court receive any additional evidence it deems relevant and material on the issue of child support modification and that it prepare an order of modification consistent with *Rutherford* and this opinion.

REMANDED WITH DIRECTIONS.

McCORMACK, J., participating on briefs.

---

[12] *Hokomoto v. Turnbull*, No. A-11-704, 2012 WL 2849311 (Neb. App. July 10, 2012) (selected for posting to court Web site).

[13] See, e.g., *Plymale v. Donnelly*, 157 P.3d 933 (Wyo. 2007); *Abbott v. Abbott*, 25 P.3d 291 (Okla. 2001); *Gatliff v. Gatliff*, 89 Ohio App. 3d 391, 624 N.E.2d 779 (1993).