IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

CHANTLER V. CHANTLER

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

GARY ROGER CHANTLER, APPELLEE AND CROSS-APPELLANT,
V.
SUE ELLEN CHANTLER, NOW KNOWN AS SUE ELLEN DECHENNE,
APPELLANT AND CROSS-APPELLEE.

Filed May 14, 2013.    No. A-12-707.

Appeal from the District Court for Lancaster County: PAUL D. MERRITT, JR, Judge. Affirmed in part, and in part reversed and remanded with directions.

Terrance A. Poppe and Benjamin D. Kramer, of Morrow, Poppe, Watermeier & Lonowski, P.C., L.L.O., for appellant.

Jane F. Langan and Sheila A. Bentzen, of Rembolt Ludtke, L.L.P., for appellee.

SIEVERS, PIRTLE, and RIEDMANN, Judges.

RIEDMANN, Judge.

INTRODUCTION

Sue Ellen Chantler, now known as Sue Ellen DeChenne, appeals and Gary Roger Chantler cross-appeals from the decision of the district court for Lancaster County. Sue argues the district court erred in determining that Gary's child support obligation with respect to the parties' older child ended in June 2010 and in awarding Gary a credit for overpayment of child support. We find the district court did not abuse its discretion in terminating Gary's child support as of June 2010. However, we find it was an abuse of discretion for the district court to award Gary a credit for overpayment and reverse and remand that portion of the order.

Gary argues on cross-appeal that the district court erred in denying his request for physical custody of the parties' younger child. Because we find the district court's refusal to modify custody was supported by the evidence, we affirm that portion of the order.

- 1 -

BACKGROUND

The State of Washington dissolved Sue and Gary's marriage in December 2003. Sue was awarded physical custody of the parties' two minor children: Jessica Chantler, born in 1991, and Heather Chantler, born in 1997, subject to Gary's parenting time. Gary was ordered to pay child support "until the child(ren) reach(es) the age of 18 or as long as the child(ren) remain(s) enrolled in high school, whichever occurs last."

Several months after the divorce was finalized, Gary moved from Washington to New Mexico because he received a "very good" job offer there. His girlfriend moved to New Mexico that summer to be with him. A few years later, Sue moved with the children to Oregon so she could obtain her "Ph.D. . . . from Oregon State University."

Jessica suffers from lupus and was hospitalized for a month during her senior year of high school due to a "lupus flare." Because of her hospitalization, she fell behind in school and was unable to complete all of the required credits by the time her class graduated. Her school made an exception for her and allowed her to walk in the graduation ceremony in June 2010, because she had been on track to graduate before getting sick and had made significant progress toward completing her requirements after getting out of the hospital.

Shortly after the graduation ceremony, Sue and Heather moved to Lincoln, Nebraska, because Sue accepted a job with the University of Nebraska-Lincoln. Jessica remained in Oregon and enrolled in college courses that summer which counted both for college credit and toward completing her remaining high school requirements. She enrolled in an online course in the fall of 2010 to complete her final high school course, in addition to attending courses at Oregon State University for college credit.

Despite these attempts, Jessica was unable to complete her courses because she had another complication from lupus in January 2011, which required surgery on her hip. The surgery was unsuccessful, so 2 months later, she had a hip replacement. Jessica lived with Sue in Nebraska while recovering from the surgeries but was able to return to her online course in April 2011 and completed it that summer. She moved back to Oregon in June 2011. Gary continued to pay child support for Jessica until September 2011.

Jessica's high school diploma is dated June 2010. Her high school transcript indicates that she received her diploma on June 24, 2011, and Jessica testified that although she received a certificate of attendance at the graduation ceremony in June 2010, she did not receive her actual diploma until June 2011.

Because all of the parties have relocated from Washington, Gary filed a complaint in Lancaster County District Court asking the court to register the decree and child support order from Washington. He also requested that the court terminate his child support obligation with respect to Jessica and award him physical custody of Heather. Sue responded, seeking an increase in Gary's child support for Heather and a modification of his parenting time. Trial was held on these issues, as well as other financial-related issues and attorney fees.

Gary testified at trial that he would like physical custody of Heather because he believes he can provide stability and a good life for her. Gary has lived in the same home since moving to New Mexico in 2004, and Heather has a good, close relationship with his live-in girlfriend. New Mexico would provide good educational opportunities for Heather because of Gary's job.

Heather would have the opportunity for an internship to work with the scientists at the laboratory where Gary works, and if Heather were to graduate from high school in New Mexico, she would get a scholarship to any university in the state.

Since 2005, Gary has had parenting time with Heather for 6 weeks in the summer, during her spring break, and for Thanksgiving or Christmas on alternating years. Gary testified that during the time Heather has spent in New Mexico, she has formed friendships, she goes to church, and she participates in a theater group. However, Gary admitted that after moving to New Mexico, he rarely, if at all, traveled to Washington or Oregon to see his daughters' school events and has never attended a parent-teacher conference.

Heather testified that she is doing well in school, earning almost all A's. She is involved in dance and cheer, plays the violin, and participates in a youth group at her church. While she gets along "pretty well" with Sue, Heather testified that she wants to live with Gary and that she has been telling him that for the past year. When asked why she would prefer to live with Gary, Heather stated that she does not really have a "firm foundation" with Gary and that she would like to "get that firm foundation." In addition, Heather stated that if she were to live with Gary, she knows she would not be moving again because Sue "moves a lot. A lot."

Sue testified that her current job in Nebraska is a 2-year position that is supposed to end in July 2012 but could be renewed. At the time of trial, Sue had applied for new employment at various universities and was waiting for a response. Her first choice would be a position at Illinois State University. Sue wants Heather to continue living with her and did not think Heather would have a problem adjusting if they had to move again, because Heather has shown that she is good at adjusting to new communities.

Sue testified that Gary has not exercised all of the parenting time that has been afforded to him with Heather and has never come to Nebraska to see her. When asked to characterize Gary's involvement with the children since the divorce, Sue responded that "when they're down there, he's involved with them; when they're not, he's not." She stated that she would have concerns if Gary was awarded custody of Heather because of his lack of investment in her childhood, as he seems to not contact her or be very involved with her when she is not in New Mexico with him.

After trial, the district court entered an order making various findings. The court registered the dissolution decree, child support order, and parenting plan from Washington. The court declined to modify custody of Heather but adopted a parenting plan in accordance with Nebraska law.

The court found that Jessica was no longer enrolled in high school after June 30, 2010, and that therefore no expense sharing for Jessica was required after that date. Moreover, the court awarded Gary a $6,735 credit for his child support overpayment from July 2010 through September 2011. The court calculated this amount by multiplying the amount of child support Gary had paid for Jessica per month by the number of months Gary had overpaid. The court also increased the amount of child support Gary owes for Heather to $759 per month. The net result of the district court's findings was a judgment in favor of Gary in the amount of $4,800.

Sue filed a motion for a new trial, which the court denied. Sue then appealed, and Gary cross-appealed.

ASSIGNMENTS OF ERROR

On appeal, Sue alleges that the trial court erred (1) in determining that Jessica was no longer enrolled in high school as of June 30, 2010, and that no expense sharing for Jessica was due after that date and (2) in determining that Gary should receive a credit for overpayment of child support.

On cross-appeal, Gary alleges that the trial court erred in failing to award him physical custody of Heather.

ANALYSIS

*Child Support and Expense Sharing for Jessica.*

Modification of child support is entrusted to the discretion of the trial court. *Rutherford v. Rutherford*, 277 Neb. 301, 761 N.W.2d 922 (2009). An appellate court reviews proceedings for modification of child support de novo on the record and will affirm the judgment of the trial court absent an abuse of discretion. *Id*. A judicial abuse of discretion exists when reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *Id*.

Sue argues the trial court erred in determining that Jessica was no longer enrolled in high school after June 2010. Jessica was on track to graduate with her class in June 2010 until she was hospitalized. Although she was several credits short of the graduation requirements, she participated in the graduation ceremony with her class. Jessica's high school diploma is dated June 2010. After that time, Jessica never registered for or attended any classes at her high school. She completed her coursework by taking college courses and applying the credits to her high school requirements. Because the record supports a finding that Jessica was no longer enrolled in high school after June 2010, we find the district court did not abuse its discretion in concluding that no child support or expense sharing was due after that date.

*Credit for Overpaid Child Support.*

Sue argues the district court erred in determining that Gary should receive a credit for overpayment of child support. The general rule is that no credit is given for voluntary overpayments of child support, even if they are made under a mistaken belief that they are legally required. *Jameson v. Jameson*, 13 Neb. App. 703, 700 N.W.2d 638 (2005). However, "[e]xceptions are made to the 'no credit for voluntary overpayment rule' when the equities of the circumstances demand it and when allowing a credit will not work a hardship on the minor children." *Griess v. Griess*, 9 Neb. App. 105, 115, 608 N.W.2d 217, 224 (2000).

In *Griess, supra*, an obligor grossly and unwittingly overpaid child support by relying on inaccurate child support computations done by the obligee's lawyer and erroneously approved by the trial judge. This court determined that the obligor was entitled to a credit against future payments because doing so would not work a hardship on the minor children and the obligor had timely paid in accordance with the erroneous order.

In *Jameson, supra*, we refused to award an obligor credit for voluntarily overpaying child support by nearly $20,000 even though the obligor subsequently became unemployed and remained so at the time of the hearing. We reasoned that the amounts the obligor had overpaid

were not unreasonable and that there was no evidence in the record that giving a credit would not work a hardship on the children.

We find the situation at hand more similar to *Jameson* than *Griess*. The amount Gary overpaid was not due to an erroneous court calculation, and the amount paid from July 2010 through September 2011 was not unreasonable. Gary maintains the same employment he had at the time of the overpayments, and in fact, his salary has increased since that time. Additionally, there is no evidence in the record that awarding Gary a credit for the overpayment would not work a hardship on Jessica or Heather. The record establishes that Gary earns a higher salary than Sue, and Sue's employment future was uncertain at the time of trial.

The equities of the circumstances here do not demand that a credit be given, and we find nothing in the record to support deviating from the general rule. The fact that the district court modified Gary's child support obligation with respect to Heather has no bearing on whether Gary is entitled to a credit for overpaying child support for Jessica. The increase in Heather's support is due to a material increase in Gary's income as he owes an equal duty to contribute to the support of his children in proportion to his income. See Neb. Ct. R. § 4-201. We therefore find that the district court abused its discretion in awarding Gary a $6,735 credit for voluntarily overpaying child support from July 2010 through September 2011.

The net result of the district court's order was a judgment of $4,800 in favor of Gary. Without the $6,735 credit, the net result is a $1,935 judgment in favor of Sue. We reverse and remand this part of the district court's order with directions to enter an order consistent with our findings.

*Modification of Custody of Heather.*

On cross-appeal, Gary argues the district court erred in denying his request for a change of custody of Heather. Gary bases his assertions primarily on Sue's previous relocations and desire to move again in contrast with Gary's long-term stability. We find no abuse of discretion by the district court.

Child custody determinations are matters initially entrusted to the discretion of the trial court, and although on appeal the issue is reviewed de novo on the record, the decision of the trial court will be affirmed absent an abuse of discretion. *Adams v. Adams*, 13 Neb. App. 276, 691 N.W.2d 541 (2005). Ordinarily, custody of a minor child will not be modified unless there has been a material change in circumstances showing that the custodial parent is unfit or that the best interests of the child require such action. *Id*. The party seeking modification of child custody bears the burden of demonstrating such a material change in circumstances, which requires a showing of the occurrence of something which, had it been known to the dissolution court at the time of the initial decree, would have persuaded the court to decree differently. See *id*.

On a de novo review of the record presented, there was no material change of circumstances demonstrated. The only thing demonstrated was that Sue has moved twice since the divorce and may or may not move again. While Gary has lived in the same home in New Mexico for the last 8 years, it was Gary who initially moved away from the children shortly after the divorce was finalized. Sue testified that if Gary had remained in Washington, she would not have moved the children away from him. Gary moved to further his career, and so did Sue.

Although Heather testified that she wants to live with Gary, the evidence indicates that she is thriving while living with Sue. She is doing well in school, has a lot of friends, and is involved in extracurricular activities. After Heather testified, the trial judge commented on "what a seemingly bright, attractive, witty young girl" Heather was and that she is "just a very nice young lady." We find that Gary failed to demonstrate a material change in circumstances, and therefore, this assignment of error is meritless.

## CONCLUSION

We conclude the district court did not abuse its discretion in determining that Jessica was no longer enrolled in high school after June 2010 and refusing to award Gary physical custody of Heather. We therefore affirm these portions of the district court's order. However, we find it was an abuse of discretion for the district court to award Gary a credit for overpayment of child support, and therefore, we reverse that part of the district court's order and remand the cause with directions to enter an order consistent with this opinion.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.