IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

JAMISON V. JAMISON

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

LISA ANNE JAMISON, NOW KNOWN AS LISA ANNE O'BRIEN, APPELLEE,

V.

SHANE LEIGH JAMISON, APPELLANT.

Filed November 27, 2018.    No. A-17-1134.

Appeal from the District Court for Scotts Bluff County: LEO P. DOBROVOLNY, Judge. Affirmed in part as modified, and in part vacated and remanded with directions.

Sterling T. Huff, P.C., L.L.O., for appellant.

Rhonda R. Flower, of Law Office of Rhonda R. Flower, for appellee.

MOORE, Chief Judge, and RIEDMANN and WELCH, Judges.

RIEDMANN, Judge.

### INTRODUCTION

Shane Leigh Jamison appeals the order of the district court for Scotts Bluff County which modified the decree dissolving his marriage to Lisa Anne Jamison, now known as Lisa Anne O'Brien. As explained below, we modify certain portions of the parenting plan, vacate the child support order, and remand the cause with directions for recalculation of child support.

### BACKGROUND

A decree dissolving the parties' marriage was entered in June 2015. Lisa and Shane were awarded joint legal custody of their minor child, born in 2013, and Lisa was awarded physical custody subject to Shane's parenting time. Shane, who was living in Pennsylvania at the time, received parenting time in alternating months starting on the first Saturday of the month and ending on the third Saturday of the month. He was ordered to provide the transportation for his parenting

time. Shane was also ordered to pay Lisa $705 per month in child support. The court deviated downward by $250 per month to account for one-half of the transportation expenses for Shane to exercise his parenting time.

On June 30, 2016, Shane filed a complaint to modify, alleging that a material change in circumstances had occurred since entry of the decree. He asked that the court modify his parenting time to reduce the number of visits but increase the duration of each visit; reduce his child support obligation, daycare expenses, and health care expenses; and order the parties to equitably divide the transportation costs associated with his parenting time.

Trial on these issues was held in June 2017, and the evidence revealed that Shane continued to reside in Pennsylvania, albeit in a different city, and Lisa resided in Denton, Nebraska. Shane explained that in December 2015, he lost the employment he had at the time the decree was entered and was unable to find similar work in his field until March 2017. He estimated that he would earn approximately $4,500 per month in his new position and explained that he was self-employed so he would be required to pay all of his own taxes and provide his own transportation as part of his employment contract. An estimate of his business-related expenses was received into evidence.

Shane was remarried at the time of trial, and two minor teenage children from a previous relationship were living with him and his new wife. He receives no financial support from the children's mother and is solely responsible for their care. Shane's wife carries health insurance which also covers Shane, his teenage children, and the minor child at issue here. A breakdown of the monthly cost was received into evidence.

Shane asked the court to reduce the number of visits with the minor child from six per year to four per year, but increase the duration from 2 weeks per visit to 3 weeks. Lisa had no objection to decreasing the number of visits per year and increasing the duration of the visits over time. She explained that the child was still young, not quite 4 years old at the time of trial, and they had previously attempted a 3-week visit, and the child struggled upon returning to Lisa. Shane also requested specific holiday time and additional parenting time in the summer, and the parties acknowledged that the modified parenting plan would need to account for the child beginning kindergarten in the fall of 2019.

The district court entered an order finding that a material change in circumstances had occurred in that both parties had moved to different locations and Shane's income had changed. The court therefore modified Shane's child support obligation to $651 per month. Shane's parenting time was also modified to award him visits in January, April, July, and October. The January, April, and October visits were to be 2 weeks in duration, and the July visit was to be 3 weeks in duration. Once the child begins kindergarten in 2019, Shane was awarded parenting time one weekend per month from Friday at 5 p.m. to Sunday at 5 p.m. in Nebraska. He was also awarded specified holiday parenting time. Beginning in the summer of 2020, Shane was awarded parenting time for 2 weeks in June and 2 weeks in July. The parties were ordered to each pay one-half of the transportation costs associated with Shane's parenting time. Shane appeals.

ASSIGNMENTS OF ERROR

Shane assigns that the district court erred in its calculation of child support and in its modification of his parenting time.

STANDARD OF REVIEW

Modification of a dissolution decree is a matter entrusted to the discretion of the trial court, whose order is reviewed de novo on the record, and which will be affirmed absent an abuse of discretion by the trial court. *Hopkins v. Hopkins*, 294 Neb. 417, 883 N.W.2d 363 (2016).

ANALYSIS

*Child Support.*

Shane argues that the district court erred in its modification of child support because the court failed to give him appropriate credit for his other two children, health insurance costs, and self-employment taxes. Because the child support worksheet is incomplete, we vacate the child support award and remand the matter for recalculation.

In general, child support payments should be set according to the Nebraska Child Support Guidelines. *Pearson v. Pearson*, 285 Neb. 686, 828 N.W.2d 760 (2013). The guidelines shall be applied as a rebuttable presumption, and all orders for child support obligations shall be established in accordance with the provisions of the guidelines unless the court finds that one or both parties have produced sufficient evidence to rebut the presumption that the guidelines should be applied. *Id*.

All orders concerning child support, including modifications, should include the appropriate child support worksheets. *Rutherford v. Rutherford*, 277 Neb. 301, 761 N.W.2d 922 (2009). The purpose of this requirement is to ensure that the appellate courts are not left to speculate about the trial court's conclusions; these worksheets show the parties and the appellate courts that the trial court has "'"'done the math.'"'" *Fetherkile v. Fetherkile*, 299 Neb. 76, 98, 907 N.W.2d 275, 294 (2018).

In the present case, the district court attached a child support worksheet to its journal entry modifying the decree, but the income calculation for Shane is incomplete. Rather than assigning him a total monthly income on line 1 and displaying the appropriate deductions thereafter, the court indicated "N/A" on line 1 and all of the subparts of line 2, then assigned a monthly net income of $3,400 on line 3. We are therefore unable to discern whether Shane was afforded deductions for taxes, support for his other children, or the cost of health insurance for himself, and are left to speculate as to how the court arrived at the $3,400 figure. As a result, we cannot determine whether the court included the deductions to which Shane argues he is entitled or determine whether child support has been properly calculated. We therefore vacate the child support order and remand the matter to the district court to complete the income calculation on the child support worksheet and recalculate child support accordingly.

Shane also argues that the district court should have further reduced his child support obligation to $75 from June 1, 2016, through April 30, 2017, pursuant to the federal poverty guidelines based on his income at the time. According to the Nebraska Child Support Guidelines, a parent's support, child care, and health care obligation shall not reduce his or her net income below the minimum of $1,012 net monthly for one person, or the poverty guidelines updated annually in the Federal Register by the U.S. Department of Health and Human Services under authority of 42 U.S.C. § 9902(2), except minimum support may be ordered as defined in § 4-209.

Neb. Ct. R. § 4-218 (rev. 2018). Neb. Ct. R. § 4-209 (rev. 2008) provides that it is recommended that even in very low income cases, a minimum support of $50, or 10 percent of the obligor's net income, whichever is greater, per month be set.

Shane explained at trial that during the relevant time period, he was working for a ride sharing company and "breaking even at best" financially. We note that at trial, Shane asked the court to adjust his child support to $50 per month during that timeframe; yet on appeal, he asks that this court modify the amount to $75 per month. Despite the difference, however, there is no evidence in the record of his monthly earnings such that the district court or this court could make a determination regarding the federal poverty guidelines or any appropriate adjustment. As a result, the district court did not err in declining to further reduce Shane's child support obligation from June 1, 2016, through April 30, 2017.

*Parenting Time.*

Shane argues that the district court erred in its modification of his parenting time in several respects. We address his specific claims individually below.

Parenting time determinations are also matters initially entrusted to the discretion of the trial court, and although reviewed de novo on the record, the trial court's determination will normally be affirmed absent an abuse of discretion. *Schriner v. Schriner*, 25 Neb. App. 165, 903 N.W.2d 691 (2017). The best interests of the children are the primary and paramount considerations in determining and modifying parenting time. *Id*. The right of parenting time is subject to continuous review by the court, and a party may seek modification of a parenting time order on the grounds that there has been a material change in circumstances. *Id*.

Shane first claims that the court erred in failing to increase his visits to 3 weeks in duration. The child was approximately 3½ years old at the time of the modification trial and spends the vast majority of her time in Nebraska with Lisa. There was little other evidence as to the best interests of the child with respect to visits with Shane other than the child is happy and excited to see him.

Shane claims that the parties agreed to extend the duration of his visits, but the record establishes that Lisa agreed that visits should be longer "over time." Lisa testified that at the time of trial she preferred to keep the visits to 2 weeks per visit because of the child's young age. She proposed that visits be extended in duration at the end of the child's second grade school year. Lisa explained that the child visited Shane for a 3-week period over the previous Christmas and New Year's holidays, and "it was very hard" when the child returned from the visit. Even if the parties had agreed upon a visitation schedule, neither the district court nor this court would be bound by the agreement. See *Catlett v. Catlett*, 23 Neb. App. 136, 869 N.W.2d 368 (2015) (parties in proceeding to dissolve marriage cannot control by agreement disposition of matters pertaining to minor children). Given that we are reviewing the district court's decision for an abuse of discretion, we cannot find that the failure to award visits for 3 weeks at a time was an abuse of discretion when considering the child's age and her reaction to the 3-week visit she completed.

Shane also asks that this court award him 5-week visits to make up for the time he has missed with the child. Because we find no abuse of discretion in the modified parenting time awarded to Shane, we conclude that Shane is not entitled to any "make up" parenting time.

Shane next claims that the holiday and summer parenting time awarded by the district court was an abuse of discretion. He claims that the court should have adopted the holiday time he requested in his proposed order rather than the holiday schedule the court implemented. In the modification order, Shane received parenting time in even-numbered years for Easter, Thanksgiving, and New Year's from December 30 until January 1. In odd-numbered years, Shane received time with the child for Memorial Day weekend, Labor Day weekend, and Christmas break from the day the child is released from school until December 27.

Considering the fact that Shane is now receiving less parenting time with the child and that time will be additionally decreased once the child starts school, the distance Shane lives from the child, and the child's extended availability during the holidays, we conclude that the Christmas and New Year's holiday time awarded to Shane was an abuse of discretion. We therefore modify the parenting plan to divide that period of time into two portions. In odd-numbered years, Shane will receive parenting time from the day the child is released from school until December 30. In even-numbered years, he will receive time from December 30 until the day before the child returns to school.

With respect to summer parenting time, until the child begins kindergarten in the fall of 2019, Shane received a 3-week visit in July. Beginning in the summer of 2020 and thereafter, Shane received a 2-week visit in June and a 2-week visit in July, beginning the second Saturday of each month. Shane argues that he should have received parenting time for the entire summer, beginning 1 week after the child is released from school and ending 1 week before her return to school and notes that under the time awarded, he does not receive a visit in August. Considering the child's age and the additional time Shane did receive in the summer, we conclude that the summer parenting time awarded is not an abuse of the district court's discretion.

Finally, Shane asserts that the district court erred in failing to address parental responsibility of flying with the child to and from her visits with him. Shane notes that the original decree required that he pay all travel expenses for his parenting time and that he sought a change due to his financial situation.

The matter of travel expenses associated with visitation is initially entrusted to the discretion of the trial court, and although reviewed de novo on the record, the trial court's determination will normally be affirmed absent an abuse of discretion. *Vogel v. Vogel*, 262 Neb. 1030, 637 N.W.2d 611 (2002). Although the district court's order did not specify which parent is responsible for traveling with the child to and from her parenting time with Shane, the order requires that each party pay one-half of the cost of air transportation. However, we agree with Shane that the court abused its discretion in failing to address parental responsibility for traveling with the child. It is unduly burdensome to require Shane to travel at both the beginning and end of his parenting time. At oral argument, Lisa's counsel agreed it would be appropriate for Lisa to accompany the child back to Pennsylvania at the end of Shane's parenting time. Thus, we modify the parenting plan to require Shane to fly to Omaha to pick up the child at the beginning of his parenting time and purchase tickets for himself and the child to travel to Pennsylvania. Lisa is required to travel to Pennsylvania to retrieve the child at the end of Shane's parenting time and fly herself and the child back to Omaha.

*Dependency Exemption.*

In her brief, Lisa argues that the district court erred in failing to award her the tax dependency exemption for the minor child. In the original decree, Shane was awarded the tax dependency exemption, and in Lisa's counterclaim to Shane's complaint to modify the decree, Lisa requested modification of the dependency exemption. The journal entry modifying the decree was silent as to Lisa's request, but we construe the silence as a denial of the request. See *Dutton-Lainson Co. v. Continental Ins. Co.*, 279 Neb. 365, 778 N.W.2d 433 (2010) (as general matter, where order is clearly intended to serve as final adjudication of rights and liabilities of parties, silence of order on requests for relief not spoken to can be construed as denial of those requests under circumstances).

We note, however, that although Lisa asks for affirmative relief on this issue in her brief, she did not cross-appeal from the modification order. A cross-appeal must be properly designated, pursuant to Neb. Ct. R. of App. Prac. § 2-109(D)(4) (rev. 2014), if affirmative relief is to be obtained. *Wasikowski v. Nebraska Quality Jobs Bd.*, 264 Neb. 403, 648 N.W.2d 756 (2002). Affirmative relief, for purposes of appeal, is a reversal, vacation, or modification of a lower court's judgment, decree, or final order. *Id*. An appellee may not raise arguments independent of or not responsive to an appellant's assignments of error without cross-appealing because they will fall beyond the scope of the case as presented in the appellant's brief. *Id*.

When a party on appeal fails to properly cross-appeal, we may proceed as though the party failed to file a brief or, alternatively, may examine the proceedings for plain error. See *Logan v. Logan*, 22 Neb. App. 667, 859 N.W.2d 886 (2015). Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process. *Id*.

We have reviewed the record for plain error and found none. Lisa explained at trial that she sought the tax dependency exemption because Shane was behind on paying child support, so she believed that the exemption would help offset some of the costs of raising the child, for which Shane was not timely contributing. However, Lisa also testified that she and her husband had made an offer on a residence in a different town, and if they were to move, she would no longer work and would not return to work for "probably at least a couple of years." Based on the foregoing, the district court did not plainly err in denying Lisa's request to modify the tax dependency exemption.

## CONCLUSION

The modified child support award is vacated, and the cause is remanded with directions for the district court to complete the income calculation on the child support worksheet and recalculate child support accordingly. We also modify the Christmas and New Year's holiday parenting time and parental responsibility for traveling with the child as explained above. The district court's order is otherwise affirmed.

AFFIRMED IN PART AS MODIFIED, AND IN PART
VACATED AND REMANDED WITH DIRECTIONS.

- 6 -